## HENRY MEYER, Appellant, *v.* H. LARKIN, Respondent.

When a foreign miner, subject to a license tax, was employed by one of a partnership, to work in the mines which were the partnership's property, held, that the employer, and not the partnership, was liable for the tax.

Where the tax collector levied on the property of the partnership, for the tax due by the foreigner thus employed, and sold the whole claim, and dispossessed the plaintiff (one of the partners), held, that he was guilty of a trespass, for which this action was properly brought.

APPEAL from the Tenth Judicial District, Eldorado County.

The complaint set forth that on the   day of July, 1853, plaintiff was in possession of a mining claim, located according to law, &c. (describing it), and also the owner of mining tools, upon said claim of the value of $1100. And that on said day, the defendant came upon the claim, and pretending to act as a deputy tax collector of foreign miners' tax, sold said mining claim and tools, to one John Doe (whose real name is unknown), and put him in possession of the same, and did oust plaintiff of the possession of said claim and tools, to his damage $2000, and prays judgment, &c.

Defendant answered, that he was in reality, a deputy collector of foreign miners' tax; denies the value alleged of the

tools, and the damage, and further says, that defendant had in his employment one John Doe, a foreigner (name unknown), who failed to show that he was a citizen of the United States; and refused, and the plaintiff also refused, to pay his tax as a foreigner, according to the statute, &c. And that defendant levied upon, advertised, and sold said property, to satisfy the amount due, to wit, $4 and costs, from said foreigner, as his foreign miners' tax, pursuant to the statute, &c., in the discharge of his duty as deputy collector, &c., and prays to be discharged, and judgment for costs, &c.

The statement of the evidence by the court, shows, that on the 13th April, 1853, plaintiff and Hastinger, and two others, all Germans, were the joint owners of the mining claim and tools, mentioned in the complaint, and equally entitled to the proceeds arising therefrom. That Hastinger was sick, and absent at the time, and had one Wittenger, an unnaturalized German, at work on the claim in his place; that the gold as it was taken out of the claim, went into the hands of the plaintiff; and that he and the other owners divided at stated periods. That the claim at this time, was paying about $8 per day to the hands, and that it contained ground enough to furnish labor for four hands, twelve months; that the mining tools were worth $80. That defendant was acting deputy sheriff, with authority, &c.

One of the joint owners testified, that he and plaintiff and Wittinger, were at work on the claim; that on the morning of the 13th July, defendant came upon the claim, and said he would sell two shares in it for the license tax, due by witness and Hastinger; that he did not sell at that time, but went away and was gone about four hours, and returned and sold the claim and tools, to one Bufort for ten dollars, and put him in possession; that it was sold for the license tax of Wittenger; that on the same day, defendant gave Wittenger a paper, which witness supposed was a license to him as a foreign miner.

Bufort and another witness testified, that the defendant publicly proclaimed his intention of selling the claim, more than an hour before the sale took place; that Meyer, the plaintiff, was present, and made no objection.

Judgment for defendant, and for costs $235.

Plaintiff appealed.

*Hart* and *Davis*, for appellant.

Defendant sold the entire interest of the partnership, instead of that of Hastinger, who employed the foreigner, and was liable for the tax, and sold the real property, before exhausting the personal, and dispossessed the plaintiff.

The sick partner made the contract of hiring, and not the partnership (see Laws of Cal. vol. 4, p. 65, sect. 7), and his interest in the property was liable to be seized, upon demand and refusal to pay; but the law requires that the personal property shall be first sold, and gives recourse to the land for any deficiency, but both cannot be sold together: see Cal. Stat., 2 vol. p. 84; 14 Johns. Rep. 522; 17 Johns. 116. The seizure was excessive.

HEYDENFELDT, Justice, delivered the opinion of the court. MURRAY, Chief Justice, concurred.

From the facts as found, it is evident that the foreigner Wittinger, was the employee of Hastinger, and not of the partnership; consequently Hastinger alone was liable to pay the license tax. It follows, that the sheriff should have sold only the interest of Hastinger, and therefore, in selling the whole claim, and dispossessing the plaintiff, he was guilty of a trespass, for which the action was properly brought.

The judgment reversed, and cause remanded.