## WATRY VS. FERBER.

In an action for an assault, where it was alleged, as matter of aggravation, that the defendant had carnal intercourse with the plaintiff against her will, and where the plaintiff, having been examined as a witness on her own behalf, was asked on cross-examination whether she had not had carnal intercourse with others beside the defendant, and particularly with one W., about the time of the alleged assault, and answered in the negative: *Held*, that the defendant had a right to show, by way of repelling the allegation of force, not only that the general reputation of the plaintiff for chastity was bad, but also that she had in fact had intercourse with other persons than the defendant about the time of such alleged assault.

ERROR to the Circuit Court for *Waukesha* County.

*Catharine Ferber* brought the action in the court below against *Jean P. Watry*, and obtained a verdict and judgment. The principal error relied upon by the plaintiff in error to reverse said judgment, will sufficiently appear from the opinion of this court.

*Hugh Cunning*, for plaintiff in error.

*Geo. W. Foster*, for defendant in error.

*By the Court*, COLE, J. If we correctly understand the complaint in this case, and the cause of action intended to be stated therein, it is for an assault upon the plaintiff below, and sets forth, as matters of aggravation, that the defendant had carnal intercourse with her against her will, and got her with child. On the trial the plaintiff was sworn in her own behalf, and testified fully as to the times and circumstances under which the defendant had intercourse with her. She represented that

she resisted the efforts of the defendant to have such connection with her, but that he accomplished his purpose by the use of force and against her will. She was asked, on cross-examination, whether she had not had carnal intercourse with others besides the defendant about the time the alleged injurious acts were committed upon her, and particularly with one Weyker. She answered these questions in the negative. On the defense, testimony was introduced tending to show that the general character of the plaintiff for truth and chastity was bad. The defendant then offered evidence to show that the plaintiff had carnal intercourse with other persons than the defendant in the fall of 1857, and in the month of October of that year, which was the time that it was alleged she was first ravished, but this evidence was objected to, and ruled out by the court. And the real difficulty we have found in the case was in determining whether this evidence was admissible in this action, as a circumstance to repel the allegation of force, or for any other purpose.

In actions for seduction, and on trials for rape, the defendant is always permitted to prove that the general character of the servant or prosecutrix for chastity is bad; and the common statement of the rule is, that this must be done by general evidence of her reputation in that respect, and not by evidence of particular instances of unchastity. The reason given for the rule is, that while it is presumed that a party is always prepared to defend his general character when unjustly assailed, he cannot be presumed to be ready to defend and explain particular acts, and therefore is liable to be taken by surprise if his character is impeached upon that ground. But there have been innovations made upon this rule; and in all the later cases which I have examined, it is said that the character of the prosecutrix for chastity may be impeached, not only by general evidence of her reputation in this respect, but likewise that she may be interrogated whether she has not had previous criminal connection with the accused. For if it should

appear that her reputation for chastity was bad, or that she had had sexual intercourse with the defendant, the probability that force was used would be very slight indeed. And in the following cases it is said that if the female upon whom the offense is charged to have been committed, is examined as a witness for the prosecution, she may be inquired of on cross-examination, whether she had not, at certain specified times and places, had sexual intercourse with other persons besides the accused. *The People v. Abbott*, 19 Wend., 192 ; *State v. Johnson*, 28 Vermont, 512 ; *Rex v. Barker*, 3 Carr. & Payne, 589 (14 Eng. C. Law, 467) ; *Andrews v. Askey*, 8 Carr. & Payne, 7 (34 Eng. C. Law, 270); *Rex v. Martin*, 6 Carr. & Payne, 562 (25 Eng. C. Law, 544). In *People v. Benson*, 6 California, 221, evidence that the prosecutrix had committed acts of lewdness *with other men* was held to be admissible, and the court thought that proof of *particular acts should be admitted* in preference to general reputation. The case of the *People v. Abbott* is cited in support of this ruling, and the reasoning of Mr. Justice COWEN undoubtedly goes nearly, if not quite, to that extent. But this reasoning has been severely criticised by other judges as being unsound in theory and unsupported by authority, *The People v. Jackson*, 3 Parker's Crim. R., 391; *Pleasant v. The State*, 15 Arkansas, 624 ; and Judge BENNETT in his dissenting opinion in *State v. Johnson, supra*. See also *The State v. Jefferson*, 6 Iredell (Law), 305 ; *McCombs v. The State*, 27 Ohio St., 643. But whatever may be the true rule in regard to the admission of such testimony in criminal prosecutions, it appears to us that in a civil action of trespass, where the plaintiff has alleged, as a matter of aggravation, that the defendant had connection with her against her will, the defendant should be permitted to show that the plaintiff has been previously criminal with other persons, as a circumstance tending to disprove the probability of the use of force.

Prof. GREENLEAF says that in an action for seduction, though the female cannot be interrogated herself as to acts of unchas-

tity with others, yet third persons may be called to testify to their own criminal intercourse with her, and the time and place. 2 Greenl. Ev., § 577. Justice BENNETT, while he vigorously dissents, in *The People v. Johnson*, from the decision of the court that upon the trial upon an indictment for rape the prosecutrix may. be inquired of, on cross-examination, whether she has not been criminally intimate with other men, yet says that in cases of seduction the defendant may prove, ·on·the trial, that the daughter or servant has been previously criminal with other persons, as affecting the question of damages. P. 521. In *Verry v. Watkins*, 7 Carr. & Payne, 308 (32 Eng. C. Law, 520), which was an action for the seduction of plaintiff's daughter, witnesses were sworn to prove particular acts of lewdness between them and the daughter. See also *Bamfield v. Messey*, 1 Campb., 460, to. the same effect. In *Carpenter v. Wall*, 11 Adolph. & Ellis, 803 (39 Eng. C. Law, 234), which was an action of the same character as the last two, a witness for the defense was asked whether the plaintiff's daughter had not told witness that A. B. was the father of the child and had seduced and left her. The question being objected to, because the daughter had not been cross-examined as to whether she ever made such statements, the evidence was ruled out. The counsel, in arguing the rule for a new trial, contended that the expressions of the witness were tendered to show the looseness of her conduct; a description of evidence admissible in actions for seduction and crim. con. Lord C. J. DENMAN, before whom the cause was tried, stated that if the language had been offered in evidence as showing that the witness went about in a light manner saying things of that description, he should not have rejected it. But as the object of the proof was to impeach the credit of the witness, the declarations could not be admitted, unless the witness had first been asked if she ever made them, and had an opportunity of explanation. The other judges concurred in this view of the law. Mr. Justice COWEN, in his very able and full discussion of the authorities upon the

other point, in *The People v. Abbott*, cites some cases having a strong bearing upon the question we are now considering; but we do not deem it necessary to particularly refer to them. In the kindred action brought by the husband for seducing his wife, in which her character is in issue, it is permissible for the defendant to show, in what is called mitigation of damages, the previous bad character and conduct of the wife, whether in general or in particular instances of unchastity. 2 Greenl. Ev., 556.

Now, within the reasoning and principle of the cases above cited, it appears to us that the evidence offered on the trial on the part of the defendant was admissible. Would not proof that the plaintiff was criminally intimate with other men, about the period referred to in the complaint, when the alleged ravishment took place, tend to disprove the allegation of force? It might be a slight circumstance bearing upon that point; nevertheless it has a tendency to overcome the probability that force was used. For there is no mind which does not require a higher degree of proof to convince it that force has been used to compel a woman who has once fallen from virtue, to submit to the embraces of the opposite sex, than in case of a virtuous female. The fact that the plaintiff had yielded her person to others would raise an inference that she might have yielded to the entreaties of the defendant without much force. At all events, we think it a circumstance which might be submitted to the jury upon that question.

We therefore think there must be a new trial on account of the exclusion of the testimony offered to show that plaintiff had criminal intercourse with other persons in the fall of 1857.

The judgment of the circuit court is reversed, and a new trial ordered.