Upon the trial the prisoner offered to prove by seven witnesses that the complainant was in the habit of receiving men there for the purpose of promiscuous intercourse, and for liquor especially. This evidence was objected to by the prosecution and rejected by the court, to which an exception was taken by the counsel for the prisoner. The evidence previously given shows that the place intended by the offer where she was in the habit of receiving men for the purpose specified was where she dwelt, known as "the Ranch," and that the liquor especially was intended to include the practice of the men so going there of taking liquor with them, of which the complainant partook to great excess during such visits.
Upon the assumption that the plaintiff in error had intercourse with the complainant, as to which the testimony was conflicting, the further issue was whether he ravished her by force, or whether she assented to such intercourse. Upon this issue all the authorities concur in holding that evidence showing that the character of the prosecutrix for chastity was bad is competent, and this for the reason that it is more probable that an unchaste woman assented to such intercourse than one of strict virtue. The evidence is received upon this ground, and not for the purpose of impeaching the general credibility of the witness. Evidence *Page 517 
showing that the prosecutirx has on a previous occasion had connection with the accused is competent, and this for the reason that having done this shows a probability that she did not resist but consented to that charged in the indictment. In Rex v.Barker (14 English Common Law, 467) it was held that the prosecutrix might be asked, with a view to contradict her, whether she was not on a specified day after the alleged offence walking in High street, Oxford, looking out for men, and the further question whether upon another specified day after the alleged offence she was not walking in High street with a woman reputed to be a common prostitute. This evidence was competent, not for the purpose of impeaching the general credibility of the witness, but proper for the consideration of the jury upon the question whether she assented to the intercourse with the prisoner. Under these authorities it is entirely clear that the evidence offered by the accused was competent. The number of witnesses by whom he proposed to prove the fact was immaterial. It was competent for him to prove, by any one knowing the fact, that the prosecutrix was in the habit of receiving men at her dwelling for promiscuous intercourse with them, and the weight of such testimony was in no respect impaired by the further fact that the men so received took liquor with them on these occasions, of which they and she partook to great excess. The testimony offered, if true, would have shown the complainant to be a common prostitute; proof more satisfactory than that of a bad general reputation for chastity. The trial court, as well as the General Term, regarded the offer as nothing more than that of proof of some particular acts of lewdness. But it was much more. It was an offer to show by direct evidence not only this, but that the complainant was a common prostitute and in the habit of plying her vocation at the place where she dwelt. Whether evidence of particular acts of criminality by the prosecutrix is competent, is a question upon which the authorities differ, but one not necessary to determine in this case. In the People v.Abbot (19 Wendell, 192) such *Page 518 
proof was held to be admissible. In the People v. Jackson (3 Parker's Cr. Reports) it was held incompetent. The authorities are all cited and ably examined in the opinions in these cases by COWEN, J., in the former, and by S.B. STRONG, J., in the latter. (See also Roscoe's Criminal Evidence, 810.) When a determination of this question by this court shall be necessary to a disposition of the case before it, it will be considered and decided.
The judgment appealed from must be reversed and a new trial ordered.
All concur.
Judgment reversed.