THE PEOPLE *v.* ESPAÑOL.

APPEAL from the District Court of San Juan.

No. 207.—Decided March 30, 1910.

CRIMINAL LAW—RAPE—ADMISSION OF EVIDENCE—EFFECT OF EVIDENCE—INTRODUCED.—The admissibility or inadmissibility of evidence does not depend on whether or not it will produce a certain effect, but it is sufficient in order that it may be admissible that it tends to prove some of the controverted facts.

ID.—SUFFICIENCY OF THE EVIDENCE—ADMISSIBILITY THEREOF.—The admission of evidence to the consideration of the jury is a question for the determination of a court of law, and has nothing to do with the sufficiency thereof to prove the facts alleged in the complaint.

ID.—HYPOTHETICAL QUESTIONS BASED ON PROVEN FACTS.—Hypothetical questions based on a supposed state of facts, not proved at the trial, are inadmissible in evidence.

ID.—PREJUDICIAL ERRORS.—In accordance with the Act of March 30, 1904, errors committed by the trial court, which do not tend to prejudice the rights of the parties, do not constitute ground for the reversal of the judgment appealed from.

ID.—ERROR IN ADMISSION OF EVIDENCE—HYPOTHETICAL QUESTIONS.—In accordance with the foregoing doctrine, the court held, in the case at bar, that the error committed by the trial court, in admitting a hypothetical question based on facts not previously proven, did not prejudice the rights of the accused and, therefore, cannot serve as a ground for the reversal of the judgment.

ID.—OBJECTIONS TO QUESTIONS ANSWERED.—Objections to the admission of questions already answered by the witness at the time the objection is made, must be overruled, and the proper procedure in such a case is to move to strike the answer from the record, when the question is really irrelevant.

ID.—REPUTATION OF OFFENDED FEMALE AS TO CHASTITY.—In accordance with the most recent jurisprudence, the acts and the reputation of the offended female, either before or after the date upon which the crime of rape was committed, as proof of the improbability of the absence of consent, and resistance on the part of the woman, are admissible in evidence.

ID.—CARNAL INTERCOURSE OF AGGRIEVED PARTY WITH OTHER PERSONS.—In cases of rape, committed by the use of force and violence, it is proper to cross-examine the aggrieved party for the purpose of showing that she had submitted to carnal intercourse with other persons at different places, both before and after the date of the commission of the alleged crime of rape, to show by such facts that, in all probability, the prosecuting witness gave her consent to the commission of the act.

ID.—RAPE OF PROSTITUTE—CARNAL INTERCOURSE OF OFFENDED PARTY.—Although it is true that the crime of rape may be committed upon a prostitute, nevertheless, it is a matter of general information and a dictate of common sense that, in such a case, there is much less likelihood of resistance being offered, than where a pure and spotless virgin is assailed by a ravisher.

ID.—RAPE BY THE USE OF NARCOTIC.—The jurisprudence established by the decisions in cases of rape committed by the use of force is not applicable where the crime is committed by the use of a narcotic, because in this case, no force is employed but there is an absence of consent on the part of the offended female.

ID.—DEFINITION OF RAPE.—The definition of rape is the carnal knowledge by a man of a woman without her consent, and this may be accomplished under paragraph three of section 255 of the Penal Code of Porto Rico, where she is prevented from resisting by any intoxicant, narcotic or anaesthetic substance administered by or with the privity of the accused.

ID.—A woman under such circumstances is in exactly the same position in which a girl under 14 years of age is placed by the law. She is incapable of giving consent and, as she cannot make resistance, no resistance is required on her part.

ID.—RAPE BY USE OF NARCOTIC—EVIDENCE CONCERNING THE REPUTATION OF AGGRIEVED PARTY.—Where rape is committed by the use of drugs or narcotics, inasmuch as the prosecutrix is incapacitated from offering resistance or from giving consent, evidence tending to show the lewd reputation of the prosecutrix and her indulgence in carnal intercourse, either before or

after the date of the crime, is inadmissible in evidence, inasmuch as such evidence is only admissible as a defense on the part of the accused, when it tends to show the nonprobability of resistance, on the part of the prosecutrix, in cases of rape committed by the use of force and violence.

ID.—INSTRUCTIONS TO THE JURY—VERACITY OF WITNESSES—INVOLUNTARY MISTAKES.—The court instructed the jury as follows: ''It is not sufficient, in order to consider a witness as false, that he has not told the truth in everything; if he has not spoken the truth in reference to some essential particular, you may consider his evidence, as a whole, as untrustworthy but, if you find that he was mistaken in some detail, in some unimportant thing, you may consider his evidence.'' The court held that this instruction conforms to the law and is not contrary to the provisions of section 162 of the Law of Evidence, enacted in 1905, because it is a generally accepted doctrine that, while an unintentional mistake of fact in regard to some unimportant detail may and often does affect the general credit of a witness making it to some degree more or less, still there may be no sufficient cause for disregarding his testimony in respect to other material matters.

ID.—SUFFICIENCY OF INSTRUCTIONS—CONSIDERATION THEREOF AS A WHOLE.—The instructions of the court to the jury must be considered as a whole and, when so considered, if they are sufficiently ample to state fully the law applicable to the case, it makes no difference if they are deficient in one respect provided they are made clear by a later explanation.

ID.—INSTRUCTIONS REQUESTED BY COUNSEL FOR ACCUSED.—Although as a general rule, it is preferable either directly to accept or reject the instructions offered by counsel for the accused, nevertheless the court may qualify the instructions so offered, if clearly stated, and the qualifications are such as not to destroy the effect of the legal proposition properly propounded.

ID.—CORROBORATION OF TESTIMONY OF PROSECUTRIX.—Although the law in force at the time this trial was held did not require that the testimony of the prosecutrix be corroborated by any other evidence, nevertheless it was the duty of the court to warn the jury of the danger of convicting the accused on the testimony of a woman alleged to have been ravished.

ID.—MODIFICATION OF INSTRUCTIONS ASKED FOR BY COUNSEL FOR THE ACCUSED.— It is not error for the court to qualify the instructions asked for by the defendant where such qualifications do not alter the meaning thereof, mislead the jury, prejudice the rights of the accused, nor deprive him of any means of defense.

ID.—COMPLAINT OF PROSECUTRIX.—One of the instructions asked for by counsel for the defense and refused by the court was the following: ''The court instructs the jury that, in a case of rape, it is the duty of the *fiscal* to show, before a conviction can be had, that the injured female complained of the act immediately after its commission, or as soon as she had the opportunity to do so; that, in this case, it has not been shown that such complaint was made by the female in question.'' This court held that the instruction was properly refused because the court could not have given it without committing error, since it would have been equivalent to a withdrawal of the case from the jury and an order peremptorily to acquit the defendant.

ID.—CONTRADICTORY TESTIMONY OF WITNESSES—CONSIDERATION THEREOF BY THE JURY.—Where the testimony of witnesses is contradictory, it is the province

of the jury to weigh the evidence and reconcile the conflict, and this court will not disturb the findings of the jury upon the evidence, unless it is shown that it was influenced by partiality, passion or prejudice.

ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—Motions for a new trial on the ground of newly discovered evidence, are generally regarded with suspicion and disfavor by the courts.

ID.—EVIDENCE TO IMPEACH A WITNESS FOR THE PROSECUTION.—When a motion for a new trial is based on the ground of newly discovered evidence, and when, from the affidavits presented, it is deduced that they are irrelevant or merely have a tendency to impeach a witness for the prosecution, the motion should be denied.

ID.—FACTS OCCURRING AFTER THE TRIAL.—When most of the affidavits in support of a motion for a new trial relate to facts occurring after the trial and incarceration of the defendant, and to visits made by the prosecutrix and her brother to the jail, and to the making of a contract between them and the appellant, such affidavits cannot be regarded as newly discovered evidence.

ID.—DISCRETION OF COURT.—The granting of a new trial on the ground of newly discovered evidence is always a matter for the discretion of the trial court and, unless it is shown that the judge abused his discretion, this court will not reverse his action.

ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—REQUIREMENTS.—To entitle a party to a new trial on the ground of newly discovered evidence, it must appear: 1. That the evidence, and not merely its materiality, be newly discovered; 2. That the evidence be not cumulative merely; 3. That it is such as to render a different result probable on a retrial of the case; 4. That the party could not, with reasonable diligence, have discovered and produced it at the trial; and 5. That these facts be shown by the best evidence of which the case permits.

ID.—REVERSAL OF JUDGMENT APPEALED FROM—UNIMPORTANT ERROR.—In accordance with the Act of March 30, 1904, this court will not reverse the judgment by reason of errors committed by the trial court, unless such errors are material and tend to prejudice the rights of either of the parties. This provision applies to criminal as well as to civil cases.

The facts are stated in the opinion.

*Mr. Miguel Guerra* for appellant.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a case of rape, in which an appeal was taken from a judgment of conviction, rendered in the District Court of San Juan, against the defendant, sentencing him to the punishment of seven years at hard labor in the penitentiary. The case was tried in the district court before a jury which rendered a verdict of guilty in proper form.

Previous to the sentence the defendant made a motion for

a new trial, setting out various grounds therefor, principally involving alleged errors of the court in admitting or rejecting evidence and in its charge to the jury. A statement of facts, combined with the bill of exceptions, was duly presented, approved and filed herein, and makes a large part of the record.

The appeal is taken, not only from the judgment of conviction, rendered on February 17, 1909, but from the order of the court below, refusing the motion for a new trial, entered on the same day. Oral argument was made, at some length, on the hearing in this court, by both parties, the *fiscal* having previously filed a brief herein, and 10 days being granted to each of the parties, on request, for filing briefs after the hearing. These briefs were eventually filed but long after the time limit had expired. They are quite voluminous and have required much study and attention.

The appellant, in this case, bases his claim for a reversal of the judgment, and granting a new trial, on four grounds which may be stated as follows:

I. Errors, alleged to have been committed by the court during the progress of the trial, in the admission and exclusion of evidence.

II. Errors supposed to have been incurred, in giving the charge to the jury and in refusing instructions asked by the defendant.

III. That the verdict of the jury should have been set aside, on application, because it is contrary to the evidence.

IV. That the case should be retired, in the court below, on account of newly discovered evidence.

These four propositions will be examined in the order here stated.

I. (*a*) The admission of certain evidence is objected to because it is insufficient to prove the issues involved in the charge made against the defendant. It is not necessary to the admissibility of evidence that it should have a certain effect. It is sufficient if it tends to prove the issue. The effect of evidence when admitted can be argued before the

jury. Its admissibility, to the consideration of the jury, must
be decided by the court in the first place. This is an entirely
different matter from its sufficiency to prove the allegations
of the information presented against the accused, which must
be considered later.

It is alleged as an error that the court permitted a hypo-
thetical question to be propounded to an expert witness which
was not based on facts previously proven nor afterwards
shown to support the hypothesis. The sixth exception taken
by the defense is set forth in the record, on page 53 of the
transcript as follows:

" A woman of an organic constitution as that of Angela Arnau,
who had been three nights and three days troubled by assisting a sick
person and, therefore, having her organism tired, and who has drunk
a certain amount of gin, to wit, from three to four fingers, in a big
glass, would such alcohol be sufficient to cause the loss of her strength,
if such a drink produced the effect of a narcotic?

"The attorney for the accused took an exception to this ques-
tion, because, being founded on a hypotesis, as it was admitted by
the *fiscal*, it must be propounded in such a manner as to include in
it those facts which might have been presented in evidence, and
in such a question the *fiscal* assumes, without it being previously
proven, that Angela Arnau was 'three nights and three days troubled
on account of assisting a sick person and, therefore, that she had her
organism tired'; and this defense insists that the hypothetical question
should be framed in such a manner that the conclusion to which the
expert witness might arrive may not be a defective one.

"The court decided, against the opposition made by the accused,
that such a question could be made, 'the same being left to the con-
sideration of the jury, who may or may not consider it'; and to
this erroneous ruling the accused took an exception."

We have searched the record in vain for any fact or group
of facts which sustains this hypothesis. It does not appear
from the proof that the prosecuting witness had been en-
gaged, for three days and nights, nor for anything near such
a period, in waiting upon a sick person, nor that her organ-
ism was wearied by so doing.

The expert physician to this question replied, as is set forth in the statement of facts, in the following words: "The witness went on to say that it is evident that the human body, although the body of the woman, is as strong, and it has been proved that at times it is even stronger and has more endurance than that of the man, it is evident that after being up for two or three nights in active attendance on a sick person, without sleeping, or having slept as little as possible, and after having drunk some alcoholic beverage, her body must feel immediately and more quickly the effects of a condition of nervous excitement which produces afterwards that general lassitude of the body which is the result of having drunk alcholic beverages. All alcholic beverages will probably cause a collapse after their absorption. That the essential oils have a more direct action on the nervous system. The witness went on stating that the alcholic beverages containing essential oils have a more stimulating action than others; for instance, wine is slower in its action than anisette and other white drinks and gin." (See pp. 53 and 54 of record.) This is all that was said by the expert in reply to the hypothetical question.

There can be no doubt that to permit such a question as the one propounded, without the laying of the necessary predicate, was an error. In considering the exclusion of such a question it is said by the Supreme Court of California:

"We think that in the absence of any evidence that deceased, after receiving the wounds inflicted on him, drank any intoxicating liquor, or any statement of the counsel who propounded the question, that he expected to prove that deceased did drink intoxicating liquor after he was wounded, the ruling of the court was not erroneous." (*People* v. *Dunne*, 86 Cal., 37.)

And again the same high court remarks:

"There was no error in sustaining the objection of the prosecution to the inquiry of counsel for defendant, addressed to the physician who had made an examination of the prosecutrix on the evening of

the alleged assault. The question propounded was hypothetical, and was sustained on the ground that it assumed facts not in evidence, and we think the ruling was correct." (*People* v. *Scalamiero*, 143 Cal., 349.)

But the ultimate question for us to decide in the case at bar is, that although the admission of such testimony was erroneous, was such error prejudical to the accused? The Supreme Court of California, in one of the cases cited above, comments on such testimony as follows:

"We think, however, that the district attorney might safely, and without any neglect of duty, have withheld his objection. It is seldom, if ever, that an answer to an irrelevant question can prejudice a prosecution. Jurors are not so easily imposed upon or confused by irrelevant evidence as many prosecutors seem to suppose." (*People* v. *Dunne*, 86 Cal., 37.)

And our statute provides that harmless errors incurred by the trial court will not justify the appellate court in the reversal of a judgment. (Laws of Porto Rico, 1905, p. 10.)

We do not see that any harm occurred to the case of the defendant by this error of the court; and cannot reverse the judgment for such a reason.

There was no error incurred by the court in the admission of any evidence offered by the prosecution of which the defendant has any right to complain.

(*b*) The next matter for our consideration is the exclusion of certain evidence, sought to be used by the accused, from the consideration of the jury. The second exception of the appellant deals with a question put by the counsel for the accused to the prosecuting witness, to wit, whether or not she knew the restaurant "La Española," to which she replied that she knew it. Inasmuch as she had already answered the question, there was no reason for any objection; a motion to strike out the answer would have been proper at such a time, but was not offered.

(*c*) The third exception arose in much the same way. Af-

ter the prosecuting witness had stated that she had never been in the restaurant "La Española" before the date of the alleged crime, but had been there since that date, the judge remarked to the jury that "the jury would not take the answer into account." The theory of the trial court was, all through the progress of the trial, that the acts and the character of the injured female for chastity, prior to the date on which the rape was alleged to have been committed, could be proven as a defense on the part of the accused, tending to show the improbability of the want of consent, and of resistance, and as well to impeach the character of the witness for truth and veracity; but that the same inquiries could not be made nor the same facts shown in regard to such matters subsequent to the date of the supposed outrage. There is a line of cases supporting the view taken by the trial court; but the best and most recent authorities, as they are presented to us, in our opinion, support the position taken by the appellant, when the question of force and resistance in the accomplishment of the ravisher's purpose is involved, or when it is sought to show that the female, alleged to have been ravished, really consented to the carnal act.

It is admissible in a prosecution for rape, alleged to have been accomplished by means of force, to draw from the prosecuting witness, by means of questions on cross-examination, the fact of carnal intercourse had by her with certain individuals, at fixed places, both before and after the date of the alleged rape, since these facts tend to show the probability that the female complainant consented to the special act charged against the accused as a crime. (*Brown* v. *State,* 12 Miss., 997, 17 South Rep. 278; *People* v. *Johnson,* 106 Cal., 294; *People* v. *Wilmot,* 139 Cal., 103; *People* v. *Mathews,* 139 Cal., 527; *People* v. *Baldwin,* 117 Cal., 244; sec. 21 of the Law of Evidence.)

In cases of rape where the defendant is charged with having had carnal knowledge of the woman by force used to accomplish the act, it may be observed that while the char-

acter of the female alleged to have been injured has long
been permitted to be called in question and her bad character
for chastity allowed to be proven by the accused in his
defense, he was formerly confined to evidence of a general
nature, and he was not allowed to prove particular acts of
lewdness or illegal carnal intercourse on her part with spe-
cific persons; but the latter decisions permit this to be done
in such cases; and it may now be considered to be a rule that
the defendant may show that the woman, who is alleged to
have been ravished by force, had voluntary carnal intercourse
with himself, or with other men, prior to and about the time
of the alleged rape, in order to repel the alleged fact of force
being used to overcome her resistance. (*McDermott* v. *The
State,* 82 Am. Dec., 446; *Benstine* v. *State,* 2 Lea, 169; 31 Am.
Rep., 510; *Wood* v. *People,* 55 N. Y., 515; 14 Am. Rep., 310;
*Watry* v. *Ferber,* 18 Wis., 500; 86 Am. Dec., 790 *et seq.; Peo-
ple of Porto Rico* v. *Román* [5 P. R. Rep., 17], decided Decem-
ber 14, 1903, by Supreme Court of Porto Rico.)

It may be remarked in this connection, that although rape
may be committed on the person of a prostitute, still it is a
matter of ordinary knowledge, and a dictate of common sense,
that in such a case there is much less likelihood of resistance
being offered than where a pure and spotless virgin is as-
sailed by a ravisher. For this reason the rule has been estab-
lished in all prosecutions for rape, where force is alleged to
have been used, that previous carnal intercourse with other
persons may be shown as tending to disprove the allegation
of force having been used in the Commission of the act, and
to show consent on the part of the female. (*People* v. *Ben-
som,* 6 Cal., 223; *People* v. *Baldwin,* 117 Cal., 249; *Benstine* v.
*State,* 2 Lea, 169; 31 Am. Rep., 395; *People* v. *Woods,* 55 N. Y.,
515; 14 Am. Rep., 310; *Watry* v. *Ferber,* 18 Wis., 500; 86 Am.
Dec., 790 *et seq.*)

Mr. Underhill, a reputable text-writer on this subject,
summarizes the law applicable to cases of rape, when alleged

to have been committed by force or violence to overcome the opposition of the female, as follows:

"The bad reputation of the prosecuting witness for unchastity existing prior to the date of the crime is always relevant in evidence to show that the sexual intercourse may have been consented to by her. An exception to this rule is made where the female is under the age of consent. Evidence of her reputation for unchastity or of acts of sexual intercourse is then irrelevant, as her consent is immaterial.

"The cases are not harmonious upon the question whether the reputation for unchastity of a woman over the age of consent, existing subsequent to the date of the alleged crime, is admissible. The weight of the cases is against it. The evidence of unchaste reputation must come from a witness who has been a resident in the neighborhood where the female also resided. The report of what a detective heard about the woman, on inquiring among her acquaintances, is inadmissible.

"Acts of voluntary sexual intercourse by the prosecuting witness with the defendant prior to the date of the crime may be proved by her extra judicial admissions, by her answers on her cross-examination, or otherwise. Such evidence is relevant to show that the apparently forced intercourse was voluntarily submitted to by her.

"The great majority of the cases maintain the rule that acts of sexual intercourse participated in by the alleged victim of the rape prior to the date of the crime, but with other men than the accused, cannot be shown to prove her consent. This rule is said to be based upon the assumption that the prosecutrix is unprepared to confute and disprove sudden and unexpected accusations of adulterous acts. In the main, however, it is founded upon the theory that no inference can be drawn that she consented to intercourse with the accused from the fact that she had previously submitted to the embraces of other men. Though evidence of adulterous acts with other men is not generally admissible, evidence of other acts indicating the possession of an immoral character is relevant. Evidence of drunkenness and dissipation, of the keeeping of late hours and of street walking on the part of the prosecutrix will always be received.

"Because of the irrelevancy of adultery with other men it has been held, according to the majority of the earlier cases in both England and America, that when, on her cross-examination, a question is put to the woman as regards her illicit relations with other men, and she waives her privilege of refusing to answer and denies the act, the accused is bound by her answer. The more recent cases hold, how-

ever, that the accused, under such circumstances, is not concluded by her answer, though the matter may not be strictly relevant; but may contradict it solely for impeachment by proving adulterous actions with other men if they are not too remote in point of time." (Underhill on Criminal Evidence, pp. 479, 480, 481.)

While the foregoing rules, as announced in the decisions of courts of last resort apply to ordinary rape cases where the carnal act is alleged to have been accomplished by force overpowering the resistence of 'the injured female, these decisions and rules, as stated by text-writers, have no reference or application to a case like the present where the accused is charged with having accomplished his purpose and with ravishing the injured woman by administering to her a narcotic. In this case there is no question of force, but merely of want of consent.

The modern definition of rape is the carnal knowledge by a man of a woman without her consent, and this may be accomplished, under our statute, where "she is prevented from resisting by any intoxicating narcotic or anesthetic substance administered by or with the privity of the accused." (See sec. 255, par. 3 of the Penal Code.) A woman under such circumstances, is exactly in the same position in which a girl under 14 years of age is placed by the law. She is incapable of giving consent, and as she cannot make resistance, no resistance is required on her part, and we may well refer for the law in such cases to the following well-considered judicial opinion.

Mr. Justice Garoutte speaking for the Supreme Court of California, in an important case decided in 1895, says:

"The defendant offered to prove the general reputation of the prosecutrix for unchastity, but the court denied the offer and allowed evidence of specific acts of unchastity to be proven, relying for such ruling upon the authority of *People* v. *Benson,* 6 Cal., 221. While that case holds that specific acts of unchastity may be proven, it does not hold that general reputation for unchastity may not be proven and upon the authority of many text-writers and cases we have no

doubt but that the general reputation of the prosecutrix for unchastity is proper and legal evidence. But the present case is an exception to the general rule. The prosecuting witness is under the age of consent, and for this reason evidence either of general reputation or specific acts would seem to be immaterial. This class of evidence is admissible for the purpose of tending to show the nonprobability of resistance upon the part of the prosecutrix. For it is certainly more probable that a woman who has done this thing voluntarily in the past would be much more likely to consent, than one whose past reputation was without blemish, and whose personal conduct could not truthfully be assailed. In other words, this class of evidence goes to the question of consent only, and in a case like the present the question of consent is not involved. In speaking to this point, while reviewing certain cases, Judge Cowen says, in *People* v. *Abbott,* 19 Wend., 192: 'They seemed to suppose that the testimony was supposed to shake the general credibility of the witness, as if it went to truth and veracity. That is not so. It goes to her credibility in the particular matter, to a circumstance relevant to the case in hand, from which the jury are asked to say she did consent; and it may be proved by the prosecutrix, or, if she deny it, by others.' (See also *O'Brenis* v. *State,* 47 N. J. L., 279; *Lawson* v. *State,* 17 Tex. App., 302.) Sound reason declares that such, of necessity, must be the rule. If this class of evidence was admissible as going to the credibility of the testimony of the prosecutrix in its entirety, then it would be equally admissible as against the veracity of any female who might be called upon to give evidence in a case. Yet no such principle is recognized anywhere. And, as an additional reason supporting the principle here declared, this class of evidence is always admitted against a prosecutrix charging the offense here charged, even though she gives no evidence at the trial of the case." (*People* v. *Johnson,* 106 Cal., 293, 294.)

So, we find, from this examination, that the trial court was more liberal towards the accused than it was necessary to be in the admission of evidence, since it was not required under the law applicable to the allegations, in this information, that it should admit any proof whatever of the character of the prosecuting witness for want of chastity, or in regard to acts of lewdness on her part, either before or after the date on which the offense is alleged to have been committed, inas-

much as such testimony is only admissible, as a defense on the part of the accused, when it tends to show the improbability of the want of consent and to indicate want of resistance on the part of the injured female. These questions are eliminated by the allegations in the information, in regard to the rape having been accomplished by the use of drugs, and by the proof introduced on the trial; so that line of decisions, to which we have referred, may properly be excluded from the consideration of this court in deciding the appeal now before us.

(*d*) It has been suggested that there is no sufficient proof of penetration, without which, of course, the crime of rape is never complete. But an examination of the statement of facts shows ample proof of this essential fact. The prosecuting witness testified fully in regard to the matter. It is unnecessary to rehearse the sickening details. Manuel Arnau testified, that the crime had been accomplished, basing his assertions on statements made to him by the accused six weeks after the matter had been sent to the court. Francisca Navedo testified to the particulars, among other incidents, that she saw him in the act; and that afterwards she saw the bed and found blood on the sheets and was ordered to wash them. Dr. Vélez testified, that after having made an examination and the necessary exploration of the genital organs of the prosecutrix found that the "curunculas" of different aspects—that is to say, the scars appearing after the presentation of the lacerations produced by carnal intercourse, showed the loss of her hymen. (See statement of facts, pp. 34, 36, 37, 38, 40, 47, 48, 49, 51 and 52.) Surely this accumulation of evidence is amply sufficient to prove the fact of penetration.

We must hold, therefore, on a survey of all of the facts, and a fair consideration of the law applicable thereto, that there was no material error committed by the trial court in the admission or exclusion of evidence, on the trial of this case.

II. Now let us examine the charge given by the trial court to the jury in submitting the case to their consideration.

(a) One of the objections urged by the accused to the charge of the court is that it was error to instruct the jury as follows:

"It is not sufficient, in order to consider a witness as false, that he has not told the truth in everything; if he has not spoken the truth in reference to some essential particular, you may consider his evidence as a whole as untrustworthy; but if you find that he was mistaken in some detail, in some unimportant thing, you may consider his evidence."

This paragraph is at least substantially correct. It is true that our statute states the rule of *"falsus in uno, falsus in omnibus,"* somewhat broadly in the following words: "A witness, false in one part of his testimony, is to be distrusted in others." (Law of Evidence, par. 162; Sess. Acts of 1905, p. 101.) Yet we think that it was not intended by this enactment to vary the generally accepted doctrine, that while an unintentional mistake of fact in regard to some unimportant detail may, and often does, affect the general credit of the witness making it, to some degree, more or less; still there may be no sufficient cause for disregarding his testimony in respect to other material matters. The jury must consider these matters, and draw their conclusions as to the value of the testimony of such a witness. (*People* v. *Strong,* 30 Cal., 154 *et seq.; Deering* v. *Metcalf,* 74 N. Y. Ct. App. Rep., 504.)

Then the instruction of the court on this point, of which the appellant complains, cannot be regarded as erroneous.

(b) The whole charge of the court must be taken together, in considering its correctness, and one part may be properly elaborated for the purpose of qualifying another. Of course, this rule does not allow the trial judge to give contradictory charges, or such as are irreconcilable; but if a statement is made in one part of the charge which is too narrow, it may be amplified in another part; or if one part of the charge is ob-

scure, it may be clarified by later explanations. All that is required is that the charge shall be, when taken as a whole, sufficiently ample to state the law fully which the facts of the case demand, and at the same time be consistent and correct. The purpose of a charge, given by the court to the jury, is that it must explain the issues involved, state the positions taken by the respective parties if necessary, and suggest and explain, as far as the case may require, the principles of law, and especially of evidence, applicable to the case, and their application to the facts proven on the trial. The charge should also declare and explain to the jury what rule or rules of law will be applicable to any group of facts which the evidence may disclose. (*Souvais* v. *Leavit*, 50 Mich., 111 [1883]; *Baker* v. *Ashe*, 80 Tex., 361, [1881].)

While the charge given in this case it not a model of clearness or of judicial composition, it states substantially the law applicable to the facts in the case, in a manner to be understood by the jury and not liable to mislead them. There can be no well-founded objection raised to it on account of its being prejudicial to the rights of the accused.

(*c*) But the appellant claims that the court erred in refusing to give the instructions to the jury which were asked by his counsel. It is true that the court qualified two of the instructions which the defendant asked; but they were, nevertheless, given to the jury; and the qualifications were not such as to deprive the accused of their full benefit to which he was, of course, entitled. It is generally best to give or refuse instructions asked in a direct and unequivocal manner. But an instruction may be qualified if it is fairly stated and the qualifications announced in such a manner as not to destroy the effect of the legal proposition properly propounded.

It is true that in prosecutions for rape the accused is in a position where it is very difficult to make an effective defense, and while the law, which was in force at the date of this trial in the court below did not require the evidence of the prosecutrix to be corroborated, still it was the duty of the court to

warn the jury of the danger of convicting the accused, on the testimony of the woman alleged to have been ravished, unsustained by any facts and circumstances shown in corroboration of her testimony. This has been the universal practice in the English and American courts from the days of Sir Mathew Hale to the present time. (*People of Porto Rico* v. *Cancel,* [13 P. R. Rep., 179] decided June 29, 1907.)

This the court did in effect, in giving the first instruction asked by the defendant, though probably not as clearly as might have been desired. However, the obscurity, if such existed, was not so great as to justify the objection made by defendant's counsel.

The second instruction asked by the defendant was given to the jury without any material qualification, though the court evinced some reluctance in the matter. But such modifications as were made by the court in these instructions did not in any way alter the meaning, nor mislead the jury, nor prejudice the rights of the accused, nor deprive him of any means of defense. Hence there was no error therein. (*Russel* v. *Amador,* 3 Cal., 403.)

(*d*) The third instruction asked by the counsel for the defense was refused by the court and reads as follows:

"The court instructs the jury that in a case of rape it is the duty of the *fiscal* to show, before a conviction can be had, that the injured female complained of the act immediately after its commission, or as soon as she had the opportunity to do so. That in this case it has not been shown that such complaint was made by the female in question."

The court could not have given this instruction to the jury without committing an error, because of the last sentence included therein, which virtually takes away the case from the jury and instructs them to acquit the defendant. So far as the evidence required, this question had already been covered in the charge given by the court to the jury.

Then we find nothing in the charge of the court, or the instructions asked by the defendant and given in a qualified

form or refused by the court, that requires a reversal of the judgment.

III. It is claimed by the appellant that the verdict of the jury is contrary to the evidence, and a great effort has been made to show this by comparing the testimony of the several different witnesses, one with another, and pointing out alleged contradictions in the various parts of the testimony of particular witnesses, and especially in that of the prosetrix and her brother. There is, no doubt, considerable conflict in the testimony of the different witnesses, as compared with each other, and some inconsistencies in the several statements made by some of the witnesess for the prosecution. This occurs in nearly all closely contested criminal trials. But it is the province and the duty of the jury, under proper instructions from the court, to weigh the evidence and reconcile, so far as possible, the inconsistencies or the contradictions in the testimony, and to sift the grain of truth from the mass of chaff, which may be found therein, and thus arrive at a just verdict founded on the facts proven. So far as we can see, from a careful perusal of the record and the briefs, this duty has been fairly performed by the jury; and we do not feel justified in saying that any error has been committed in this particular. Another jury on the same facts, under proper instructions, might arrive at an entirely different verdict, which we might feel the same hesitation to disturb.

There is nothing in this record to show that the jury, which tried this case in the court below, was moved, or in any way influenced, by passion, prejudice or partiality; and in such cases we have frequently held that this court will not modify the finding of a trial judge, or set aside the verdict of a jury. (*Morales* v. *La Central Machete,* 2 Dec. de P. R., 603, decided June 23, 1905; *Sucesión Iglesias* v. *Bolívar,* [11 P. R. Rep., 548] decided Dec. 12, 1906; *Auffant* v. *Serra et al.,* [14 P. R. Rep., 39] decided Feb. 5, 1908; *Andino* v. *Cepeda,* [15 P. R. Rep., 464] decided June 22, 1909; *Quevedo* v. *Sucesión Pino,* [15 P. R. Rep., 669] decided Nov. 16, 1909; *Morales*

*et al* v. *Landrau et al.,* [15 P. R. Rep., 761] decided Dec. 18, 1909.)

IV. The appellant claims that the court erred in refusing to grant a new trial on the ground of newly discovered evidence. We do not think so. Applications of this character are generally regarded with distrust and disfavor. (*People* v. *Freeman,* 92 Cal., 359.) The evidence, alleged to have been newly discovered, which was presented to the court, by affidavits in support of this motion, is either altogether irrelevant or merely has a tendency to impeach a witness for the prosecution. Newly discovered evidence merely contradictory of the opposing witness will not justify a new trial. (*Klockenbaum* v. *Pierson,* 22 Cal., 160.) Most of the affidavits offered relate entirely to facts occurring after the trial and incarceration of the defendant; to visits made by the prosecutrix and her brother to the jail and to the making of a contract between them and the appellant. Such matters cannot be considered as newly discovered evidence, since they relate to facts which had no existence at the time of the trial. None of the evidence claimed to have been discovered by the appellant can be considered as throwing any new light on the facts which the jury were called upon to consider in making up their verdict. This is absolutely required before a new trial can be granted on this ground.

The granting of new trials on account of newly discovered evidence is always a matter resting in the sound discretion of the trial court; and its action on such motions will not generally be disturbed unless an abuse of such discretion is shown. (*Spottishwood* v. *Weir,* 80 Cal., 448. See also Hayne on New Trial and Appeal, sec. 87, cited in 73 Cal., p. 248.) The courts in passing on such motions are governed by well-established rules which are summarized by Hayne in section 88 as follows:

"To entitle a party to a new trial on the ground of newly discovered evidence, it must appear: 1. That the evidence, and not merely its materiality, be newly discovered; 2. That the evidence be not

cumulative merely; 3. That it be such as to render a different result probable on a retrial of the cause; 4. That the party could not, with reasonable diligence, have discovered and produced it at the trial; and 5. That these facts be shown by the best evidence of which the case admits.'' (1 Hayne on New Trial and Appeal, sec. 88; *People* v. *Sutton,* 73 Cal., 247.)

This doctrine is supported also in the following decisions of the same learned court, to wit: *Russell* v. *Dennison,* 45 Cal., 337; *Jones* v. *Jones,* 38 Cal., 584; *Arnold* v. *Skaggs,* 35 Cal., 684; *Levitsky* v. *Johnson,* 35 Cal., 41; *Baker* v. *Joseph,* 16 Cal., 174.

A Texas case may also be cited in support of the rule laid down by Hayne, to wit: *Sabine and E. T. Ry. Co.* v. *Wood,* 69 Tex., 682. Many other cases, both civil and criminal, might be cited to show that these rules are almost if not quite universal. There was no effort made to show why the testimony of the witnesses, Rosenda Denis, Cruz Español and Rosario Maldonado, who made supporting affidavits, was not produced on the trial. In fact it may be said that this motion fails in many essential particulars. For these reasons the ruling of the court in refusing the new trial must be deemed to have been correct, and it will be allowed to stand.

Nearly half a dozen years ago the Legislature of this Island, realizing the progress of the age in the reform of judicial procedure, and the necessity of restraining, to some extent at least, the evils of ''the law's delay,'' passed a statute depriving this court of the power of reversing a judgment rendered by a trial court ''unless the error appearing from the record was calculated to injure the rights of either of the parties.'' (Sess. Acts 1904, p. 10.) This law applies to criminal as well as to civil cases and may properly be acted on in the consideration of this appeal. This was a long and hardly contested trial in the court below. Some immaterial errors were perhaps incurred in the hurry of business; but it cannot be said that the accused was denied any substantial right or that, in case of different rulings having been made, a milder

verdict would have been rendered in favor of the defendant. (*People* v. *Montijo,* [8 P. R. Rep., 1], decided July 23, 1905.)

Then, as there appears to have been no fundamental error committed by the trial court, in the decision of this case, the judgment of conviction, rendered by the District Court of San Juan on February 17, 1909, should be in all things affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Figueras did not take part in the decision of this case.