[Crim. No. 312.   Second Appellate District.—May 18, 1914.]

THE PEOPLE, Respondent, v. SAMUEL CRUSE, Appellant.

CRIMINAL LAW—CONTRIBUTING TO DEPENDENCY OF FEMALE—FACTS
NECESSARY FOR PROSECUTION TO ESTABLISH.—Under an information
charging the accused with contributing to the dependency of a girl
under eighteen years of age, and alleging, as the particular offense,
an act of sexual intercourse with her, it is necessary for the people
to establish, not only that the act of intercourse described was com-
mitted, but also that the girl was, prior to the filing of the charge,
a dependent person within the meaning of the statute and that the
offending conduct of the accused caused or contributed to that
condition.

ID.—EVIDENCE—SUFFICIENCY TO SUSTAIN CONVICTION.—In this prosecu-
tion for such offense it cannot be said, from the whole evidence,
that the verdict of guilty lacks support, although if the case had
been submitted to the jury upon the evidence of the prosecution
alone, there would have been serious doubt as to its sufficiency to
sustain the conviction.

ID.—INSTRUCTIONS—REFUSAL TO GIVE DETAILED STATEMENT OF MATERIAL
MATTERS.—While many instructions offered by the accused in this
case might well have been given in order that a more detailed state-
ment of material propositions might have been given the jury, yet
their refusal by the court is not reversible error, if the charge to
the jury, as given by the court, must be said to have been fair and
in general substance sufficient.

ID.—RIGHT TO DETAILED INSTRUCTIONS—REVIEW OF ACTION OF TRIAL
COURT.—In this class of prosecutions the defendant, owing to natural
instincts and laudable sentiments on the part of the jury, and the
usual circumstances of isolation of the parties involved at the com-
mission of the offense, is, as a rule, so disproportionately at the
mercy of the prosecutrix's evidence, that he should be given the
full measure of every legal right. An appellate court, however,
in considering the matter of the instructions given and refused will
not reverse a case where it appears that the court has stated in a
generally clear, though brief, form the propositions of law applicable
to the issues tried.

ID.—GOOD CHARACTER OF DEFENDANT—REFUSAL OF INSTRUCTIONS RE-
GARDING.—The omission of the court to give an offered instruction as
to the good character of the defendant, where no evidence has been
offered in support thereof, is not error.

ID.—CREDIBILITY OF COMPLAINANT—EFFECT OF HER MORAL DELINQUENCY
—INSTRUCTION.—It is proper to give an instruction that the moral

24 Cal. App.—32

delinquency of the girl complainant is not to be considered as affecting her credibility.

ID.—TIME OF COMMISSION OF OFFENSE—MATERIALITY—INSTRUCTION.— It is proper to give an instruction that it is immaterial on what day or night the offense charged was committed, provided the jury believe from the evidence that it was committed within one year prior to the filing of the information.

APPEAL from a judgment of the Superior Court of Los Angeles County. Franklin J. Cole, Judge presiding.

The facts are stated in the opinion of the court.

R. G. Swaffield, and P. M. Swaffield, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

JAMES, J.—Appeal from a judgment following conviction on the charge that appellant did cause and contribute to the dependent state of a girl eighteen years of age. The judgment provided as follows: ''No cause having been shown why judgment should not be entered, you, Samuel Cruse, should be and are now fined by this court in the amount of five hundred dollars, and in case said fine is not paid, you shall be confined in the county jail of Los Angeles County for the term of six months.'' No complaint is made as to the sufficiency of this judgment in form.

The information charged that on the fifteenth day of March, 1913, in the county of Los Angeles, appellant caused and contributed to the dependency of the girl named, and it is alleged that the latter was then and there a dependent person within the meaning of the acts of the legislature, in that she was in danger of growing up to lead an immoral life ''by reason of the acts of the defendant.'' An allegation followed setting forth that the particular offense was that appellant had had upon one occasion sexual intercourse with the girl named. Under this charge it was necessary for the people to establish, not only the fact that the act of intercourse described had been committed, but also that the girl mentioned in the information was, prior to the filing of the charge against appellant, a dependent person within the

meaning of the statute, and that the offending conduct of appellant caused or contributed to that condition. (*People v. Pierro,* 17 Cal. App. 741, [121 Pac. 689].) The amendment to the General Juvenile Act of 1909 (Stats. 1909, p. 213), as found in the statutes of 1911 at page 658, defines the term "dependent person." Such person is first declared to be one under the age of twenty-one years. Then follows sixteen subdivisions describing various conditions and habits which give to the person the character of a "dependent." Section 16 declares that any person under the age of twenty-one years, "who from any cause is in danger of growing up to lead an idle, dissolute or immoral life," is a dependent. Section 26 of the same act declares that any person who shall "encourage, cause, or contribute to the dependency or delinquency of such person" shall be guilty of a misdemeanor. The punishment prescribed is a fine not exceeding one thousand dollars, or imprisonment in the county jail not more than one year, or both the fine and imprisonment. Appellant presents for consideration a number of questions involving the matter of the sufficiency of the evidence to sustain the judgment; of alleged errors of the court in giving and refusing to give certain instructions. It must be admitted at the outset that had the case been submitted to the jury upon the evidence introduced by the prosecution alone, there would have been serious doubt as to the sufficiency of such evidence to sustain the conviction. The appellant was a motor car conductor, one of the terminal points of his runs being at the city of Long Beach. The girl complainant lived a few miles outside of that city and traveled frequently to town, where she performed errands and also attended business college. She testified that she became acquainted with appellant while traveling upon cars where he was employed. She testified that on a particular day in March, 1913, she met the appellant at Long Beach by chance about one o'clock as she was on her way to attend her classes; that appellant persuaded her to take a walk with him in the direction of the beach, and that the two went down some steps past an old bath-house; that appellant, while they were at the rear or side of the bath-house in an obscure place, endeavored to persuade her to submit to his desires, which she refused; that thereupon he pulled her down and that she

tried to get away, but that he caught her skirts and so held her, and finally by force and against her will pushed her over upon the ground where he held her securely and there committed the act complained of, all of which time, she testified, she was using her strength to release herself from his grasp but which she was unable to do. All of this testimony coming from the girl went to show that a forcible rape had been committed. Further than this, the girl testified that she, neither before nor after that time, had ever had such intercourse with any man. Her mother was called as a witness and from her testimony it appeared that she had always exercised such reasonable control of the girl as might be expected of a mother, and that the daughter had always conducted herself in an orderly and proper manner and that she had not been allowed to "keep company" with any man. The testimony of the father and the younger sister of the girl complainant all tended to corroborate the statements of the mother as to the fair character possessed by the girl. The mother testified that she knew nothing of the alleged commission of the act complained of until a number of months afterward, when it was discovered that the girl was pregnant. Upon the case thus made, viewed in the light of this evidence introduced by the prosecution, it would seem that the girl was not a dependent or delinquent child, for it could not be properly said that, with the disposition thus ascribed to her and the fact that the act of intercourse committed with her was accomplished by force and against her will, there was danger of her "growing up to lead an idle, dissolute or immoral life." It might as well be said where, for instance, a married woman is assaulted and outraged and she chances to be under the age of twenty-one years, that she thereupon becomes a delinquent person and that the perpetrator of the ·outrage could be prosecuted as one having caused the woman to become of that character. Appellant denied that he had committed the act complained of, and introduced on his part evidence which tended to show that the girl was in the habit of loitering about the railway yards; that she conversed with men generally there, and that he had heard her use language which indicated that prior to his acquaintance with her she had had illicit relations with other men. The jury, of course, was entitled to take the whole evidence into considera-

tion in determining what its verdict should be. If the jury believed the testimony introduced by and for the appellant which tended to show that the disposition of the girl complainant was prior to the date of the commission of the alleged offense such as to indicate a lewd and immoral character, and if the testimony was believed that the act of intercourse had been committed by the appellant with the complainant as charged, then the verdict of guilty cannot be said to lack support in the evidence. The testimony introduced by the defendant tended to show the proneness of the girl to yield to immoral persuasions, and to show as a matter of reasonable probability that if appellant did commit the act charged with her, the result would be to give to her the character of a delinquent within the meaning of the definition contained in the statute.

A great many instructions offered by the defendant were refused, many of which might well have been given by the trial judge in order that the defendant might have had the benefit of a more detailed statement of the propositions material to be submitted given to the jury. It is said by the supreme court in the case of *People* v. *Baldwin*, 117 Cal. 249, [49 Pac. 187], in discussing a case similarly conditioned as to the evidence: "In this class of prosecutions the defendant, owing to natural instincts and laudable sentiments on the part of the jury, and the usual circumstances of isolation of the parties involved at the commission of the offense, is, as a rule, so disproportionately at the mercy of the prosecutrix's evidence, that he should be given the full measure of every legal right." An appellate court, however, in considering the matter of the instructions given and refused will not reverse a case where it appears that the court has stated in a generally clear, though brief form, the propositions of law applicable to the issues tried. The charge to the jury as given by the court in this case must be said to have been fair and in general substance sufficient. It will serve no useful purpose to discuss the other points made in detail. Where it is contended that the court in isolated paragraphs of the instructions omitted to state important matters necessary to be taken into account, the answer is that the instructions as a whole and when considered together, as they must be considered, presented all of the matters necessary to a proper

consideration of the case. The omission of the court to give the offered instruction as to the good character of appellant, where no evidence was offered in support thereof, was not error. (*People* v. *Griffith,* 146 Cal. 339, [80 Pac. 68].) The instruction given to the effect that the moral delinquency of the girl complainant was not to be considered as affecting her credibility, which was the substance of the instruction, is sustained by the authorities. (*People* v. *Wilmot,* 139 Cal. 103, [72 Pac. 838].) The trial judge instructed the jury that it was immaterial on what day or night the offense charged in the information was committed, provided the jury believed from the evidence that it was committed and that it was committed within one year prior to the filing of the information in the case. Appellant argues that the jury in their consideration of the case should have been limited to a time at or about the precise date fixed in the information. This court held adversely to a similar contention as made in the case of *People* v. *Carmean,* 23 Cal App. 396 [138 Pac. 117].

It seems that the trial judge, at the instance of appellant, sometime after the judgment appealed from was pronounced, attempted to vacate that judgment and re-sentence appellant, for the reason that it was claimed that the arraignment at the time of the first sentence was not sufficiently made. The question as to whether the trial judge could under such circumstances re-sentence appellant, is not properly here presented, as it is shown only by a supplemental transcript of the official reporter, and further because the appeal from the judgment here considered was taken prior to the time when the proceedings on the re-sentencing of appellant were had. After the appeal had been so taken and was pending the trial judge had no authority to make any order which would affect that judgment. Upon the face of the record it appears that the judgment appealed from was regularly entered.

A careful examination of the entire record does not disclose any errors which may be said to have injuriously affected appellant in his right to a fair trial.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.