[Crim. No. 955. First Appellate District, Division Two.—May 12, 1921.]

THE PEOPLE, Respondent, v. ALLAN E. WILLIAMS, Appellant.

[1] CRIMINAL LAW—RAPE—CREDIBILITY OF COMPLAINANT—MORAL DELINQUENCY IMMATERIAL.—In a prosecution for rape, the moral delinquency of the complainant is not to be considered as affecting her credibility.

[2] ID.—INSTRUCTIONS—ANIMOSITY OF COMPLAINING WITNESS.—Where, in a prosecution for rape upon a girl of the age of fourteen years, the defendant claimed that her accusation was due to animosity incurred in having her taken to the city jail upon discovering her in bed with another man, and the court specifically instructed the jury that in passing upon the credibility of the witnesses it was their duty to consider any motive which might impel a witness to testify, the jury was not prevented from taking into consideration such alleged animosity by the further instruction that the moral delinquency of the girl was not to be considered as affecting her credibilty.

[3] ID.—CONSEQUENCES OF CRIME—EFFECT OF ACQUITTAL—REMARK OF DISTRICT ATTORNEY — LACK OF PREJUDICE. — In such prosecution,

where the district attorney called the attention of the jury to the fact that the misconduct of the complainant with the other man occurred after the crime of which the defendant was accused, and argued that her conduct in her future relations with men was influenced by her early experience with the defendant, his remark that an acquittal would send her upon the street was not such as to warrant a reversal of the judgment, where the jury could not have reached its verdict unless it believed her testimony, and if it did believe her, it was bound to convict regardless of whether or not her future life had been influenced by defendant's act.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Louis H. Ward, Judge. Affirmed.

The facts are stated in the opinion of the court.

Austin Lewis and William F. Cleary for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—Defendant was convicted of a violation of subdivision 1 of section 261 of the Penal Code. The prosecuting witness was a girl of the age of about fourteen years at the time of the commission of the offense. The defendant was her stepfather.

Appellant objects that the evidence is insufficient because the language used by the prosecuting witness in giving her testimony is not sufficiently definite and specific in describing the act of sexual intercourse. In cases of this character, it is rare, indeed, that children use scientific or precise anatomical terms. The argument made by appellant is that the prosecuting witness is not an ordinary child, but that her experience in sexual matters at the time of the trial, as disclosed by the record, made it possible for her to have described the occurrence with absolute exactness. Her experiences, as disclosed by the record, would have no effect upon the precision of her language. It is unnecessary to set forth her testimony here. It is sufficient to say that it is unambiguous and much more definite than usual in cases of this character. It assuredly left no doubt in the minds of the jury.

[1] Appellant objects to an instruction given by the trial court: "You are further instructed that the moral delinquency of the girl complainant is not to be considered as affecting her credibility." This instruction states the law. (*People* v. *Wilmot*, 139 Cal. 103, [72 Pac. 838]; *People* v. *Cruse*, 24 Cal. App. 497, 502, [141 Pac. 936]; *People* v. *Johnson*, 106 Cal. 289, [39 Pac. 622].) But appellant points out that the testimony in this case shows that some time after the commission of the act charged against the defendant, but before his arrest, the prosecuting witness had been found in bed with a young man at the home of her mother and the defendant; that the defendant, upon so discovering her, had called the police and had the mother, the girl, and the young man taken to the city jail. Appellant argues that this action of defendant caused a hatred of him by the girl, and that this animosity later caused her to make this accusation against him. [2] It is contended that the instruction complained of prevented the jury from taking into consideration any animosity engendered in the prosecuting witness by this experience. The instruction complained of does not preclude the jury from considering whether or not the prosecuting witness was actuated by malice in making the charge against the defendant. The court specifically instructed the jury that in passing upon the credibility of the witnesses, it was their duty "to consider any motive which may impel a witness to testify, to consider the interest which a witness may have in the result of this trial, and whether or not such witness may be moved in so testifying by any hopes or fears, by any friendship or animosity."

[3] Appellant assigns as error the remark of the district attorney in his closing argument to the jury, wherein he states that if a verdict of acquittal is given, the jury is "sending that little girl practically upon the street." The district attorney called the attention of the jury to the fact that, according to the testimony, the misconduct of the girl with one other than the defendant occurred after the crime of which the defendant is accused. It was argued that the conduct of the girl in her future relations with men was influenced by this early experience with the defendant. While it is true, of course, that the defendant is responsible

only for his own offense and not for the offenses of others, we do not consider this remark such as to warrant a reversal of this judgment where there is such positive testimony in the record against the defendant. The jury could not have reached its verdict unless it believed the testimony of the girl. If it did believe that testimony, it was bound to convict the defendant, regardless of whether or not the girl's future life had been influenced by his act. The verdict of the jury puts the stamp of truth upon the testimony of the prosecuting witness and that is all that is necessary for a conviction in a case like this. The extent of the consequences of the crime is immaterial here.

The same may be said of the objection of the appellant to the remark of the district attorney recalling to the jury a matter of routine with respect to the soldiers at the Presidio—that after roll-call they were free. Also, as to this remark, there was no assignment of the same as misconduct and no request of the court to instruct the jury to disregard it.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.