The State v. Turner.

No. 25,634.

The State of Kansas, *Appellee*, v. B. M. Turner, *Appellant*.

SYLLABUS BY THE COURT.

Criminal Law—*Statutory Rape—Evidence—Instruction—Motion for New Trial*. In a prosecution for statutory rape the record has been examined, and it is *held*: (1) The evidence complained of was properly received in rebuttal; (2) there was no occasion to give a special instruction as to how the testimony of an accomplice should be weighed; and (3) there was no error in overruling the motion for a new trial.

Appeal from Lincoln district court; Dallas Grover, judge. Opinion filed July 11, 1924. Affirmed.

*O. A. Wilson*, of Ellsworth, for the appellant.

*C. B. Griffith*, attorney-general, and *E. A. McFarland*, county attorney, for the appellee.

The opinion of the court was delivered by

Harvey, J.: Appellant was convicted on an information in which he was charged in two counts of the violation of R. S. 21-424. Appellant complains that evidence which should have been offered by the state in chief, if at all, was improperly received in rebuttal. The complaining witness and a witness, Agnes Clark, had testified in chief that on a certain day Leona Johnson, an employee of appellant, had called Agnes Clark by long-distance telephone. As a witness for defendant, Leona Johnson denied making such a call. In rebuttal the state called the employees of the telephone company, who testified that Leona Johnson did make the call and produced the telephone ticket showing the completed call. This is complained of as improper rebuttal. The state had in chief proved the call by two witnesses, which was ample proof on that point if it were not denied. When Leona Johnson denied making this call it was proper to rebut her testimony by the evidence of the employees and records of the telephone company where she made the call. Hence the ruling was not error. More than that, the state asked leave to open its case in chief and introduce this evidence, which request was granted. The granting of such a request is in the sound discretion of the court; in fact, this is not complained of.

The evidence showed that two young men, other than appellant, were intimate with the complaining witness. They were called

as witnesses for the state and testified to admissions made to them by appellant as to his intimacy with the complaining witness, and to other facts and circumstances tending to prove the charges against appellant. It was brought out in the evidence that appellant attempted to perform an abortion upon the complaining witness, and later had one performed by a physician, and that the two young men above mentioned had, at appellant's request, assisted him in making the arrangements therefor. Appellant requested the court to instruct the jury that if the two young men "coöperated together to have an abortion committed upon the complaining witness, . . . for the purpose of covering up any crime committed by them, or any other person, . . . then and in that event you should receive their testimony with great care and caution, and should scrutinize the same and should not convict the defendant upon such testimony unless the same is corroborated by other credible testimony." The refusal to give this instruction is complained of. There are several reasons which justify the court's ruling. First, it is not properly predicated upon the evidence. There is no evidence that the two young men "coöperated together to have an abortion committed upon the complaining witness." The evidence is that the appellant performed such an abortion, or attempted to do so, and that at his request one of the young men went to appellant's room and got some instruments to be used, and that the other, at appellant's request, took the complaining witness to the room where the abortion was attempted, and later to the office of the physician. Second, appellant was not being prosecuted for the abortion; that was simply one of the transactions brought out in the sordid story of criminal relations of appellant with the complaining witness. Third, there is no claim that the two young men were accomplices with appellant in acts of sexual intercourse for which he was prosecuted. And fourth, the state did not rely upon the testimony of these two young men to prove the offenses charged. Those offenses were testified to by the complaining witness. The two young men were used to corroborate her story; it was not essential that their testimony be corroborated. Other reasons suggest themselves, but these are sufficient to justify the court in refusing the instruction requested.

Upon the motion for a new trial the defendant offered affidavits of himself, his wife and Leona Johnson, tending to show miscon-

duct of the jurors in talking with the father or friends of the complaining witness. The court made a thorough investigation of that matter and found that there was no misconduct of the jury, and the record clearly supports the finding and judgment of the court.

The record discloses no error in the trial of the case, and the judgment of the court below is affirmed.