STATE, Respondent, v. HANSON, Appellant.

(220 N. W. 518.)

(File No. 6578. Opinion filed July 14, 1928.)

*H. A. Robinson* and *Harry Kunkle,* both of Yankton, for Appellant.

*Lee H. Cope* and *Orvis & French,* all of Yankton, and *Hon. Buell F. Jones,* Attorney General, for the State.

BROWN, J. Defendant was convicted of using instruments upon a pregnant woman with intent to procure miscarriage, and appeals from the judgment and an order denying a new trial. The sufficiency of the evidence to justify the verdict is not questioned.

The errors assigned are:

First. Refusal to quash the information on the ground of variance from the preliminary complaint. The complaint charged defendant with unlawfully using certain instruments upon the person of a girl with intent to procure her miscarriage. The criticism

is that it fails to allege that the girl was pregnant and that what was done was not necessary to save her life. The complaint does not need to charge the particulars of the offense with the precision used in an indictment or information. It is sufficient if it fairly apprises accused of the nature of the offense charged. State v. Hart, 30 N. D. 368, 152 N. W. 672. The motion to quash was properly denied.

■ Second. It is claimed that the information is fatally defective because it does not name or describe the instruments used and "the method of performance." Such minutiæ as this is neither required by statute nor necessary to enable accused to defend. The information charged that at a specified time and place defendant used in and upon the body of the girl named, she being then and there pregnant with child, certain instruments and other means unknown to informant, with intent then and there and thereby to cause and procure her miscarriage, which was not necessary to preserve her life. This was sufficient to enable a person of common understanding to know· what was intended (Code 1919, § 4725), and the objections were properly overruled (State v. Bly, 99 Minn. 74, 108 N. W. 833; State v. Moothart, 109 Iowa 130, 80 N. W. 301).

■ Third. Defendant contends that a challenge to the jury panel should have been sustained, because the list from which the jury was drawn did not contain 200 names, and because the jurors drawn were not given 15 days' notice in writing of the time and place where they were to appear for duty. The statute requires that the jury list shall contain 200 names, and that such number shall at all times be kept full by completing the number after each term of court when a jury or juries have been drawn and summoned.

Defendant was tried twice, once on June 13, 1927, when the jury disagreed, and again on June 27th, at which time the conviction was had from which she now appeals. It is difficult to say whether these trials were had at two special terms of court, or at an adjourned session of the February term, as the record is vague and obscure in regard to this. In defendant's brief, however, it is said and reiterated that the trial was had at a general term, and we will assume that this was the fact.

There are two general terms of the circuit court each year in Yankton county, one in February and one in September. The list from which the jurors for the February term was drawn contained the full number of 200 names. From this list a panel of 19 names was drawn, after which the sitting of the court was adjourned until the time when defendant was first tried, only one of this panel of 19 being retained for further jury duty. For the session of court at which defendant was first tried, an additional panel of 36 was drawn from the same jury list, from which number a jury was selected for the trial, which resulted in a disagreement. Thereafter, by verbal order of the court, 18 additional names were drawn from the same jury list to supplement the 36, and defendant was again put on trial on June 27th, and the challenge to the panel was interposed on the ground that at one time 19 jurors had been drawn from the list, and at another 36, so that the list from which the 18 additional jurors were drawn contained only 145 names at the time they were drawn. We do not know of any provision of law which prevents the court from calling at different times during the same term as many jurors as may be necessary for the transaction of its business, and the fact that only 19 jurors were originally called for service did not prevent the court from thereafter calling 36 more, and still later calling an additional 18 during the same term.

We hold that from the 200 names in the jury list at the beginning of any term the court may direct to be called as many panels of jurors as may be necessary for the transaction of the business during that term, until the entire 200 names, if necessary, are exhausted, before he is required to order the sheriff to summon men having the qualification of jurors under the provision of section 5297 of the Code.

That the 18 additional jurors were only notified verbally of their selection on June 25th, instead of by written notice given 15 days before the day on which they were required to appear, is nothing of which the defendant can complain. The 15 days' notice is for the convenience of the juror, and if he appears and is ready for duty in response to a verbal notification, however brief, the defendant is in no way injured by the form of the notice or length of time which the juror has had in which to get ready to come to

court. The challenge to the jury panel was therefore properly denied.

 Fourth. The girl upon whom the instruments are alleged to have been used solicited the commission of the act, and a girl companion accompanied her on her visits to the defendant's home and knew the purpose for which she went there. Both girls were witnesses for the prosecution, and defendant asked the court to charge the jury that, inasmuch as both these girls "by their solicitation of or consent to the acts charged to have been committed by the defendant, alleged to be unlawful, were severally implicated in these acts and their unlawful and criminal character, that fact may justly be considered by the jury as affecting their credibility as witnesses and the force and weight of their testimony." The refusal of the court to give this instruction is assigned as error. Defendant cites 1 R. C. L. 88, 1 C. J. 332, and Commonwealth v. Brown, 121 Mass. 69, as sustaining the contention that such an instruction is proper. But none of these authorities say that refusal to give such an instruction is error.

In Seifert v. State, 160 Ind. 464, 67 N. E. 100, 98 Am. St. Rep. 340, it is held that such a requested instruction should have been given. No part of the instructions given appears in the report of that case. But in State v. Moothart, 109 Iowa 130, 80 N. W. 301, where the jury were instructed generally in regard to the credibility of witnesses and the weight to be given to their testimony, it was held that it was not error to refuse a requested instruction that the woman upon whom the abortion was alleged to have been committed being a willing accomplice in the operation, her evidence was thereby to some extent discredited. The court says that:

"The jury was sufficiently instructed as to rules for determining the credibility of witnesses and the weight to be given to their testimony."

In State v. Quartier, 118 Or. 637, 247 P. 783, the court says that it would have been "highly improper" to have given a requested instruction to the effect that the testimony of witnesses employed to find evidence against the defendant, should be weighed with greater care than that of other witnesses. In State v. Mott, 72 Mont. 306, 233 P. 602, the court says that while the character of detective testimony may be a proper subject for argument to

the jury, it is not a proper subject for special instruction by the court.

We have no doubt that the character of the two girls in the instant case and the unreliability of their testimony on account of such character was quite forcibly presented to the jury by defendant's counsel.

In State v. Turner, 116 Kan. 661, 227 P. 376, in a prosecution for statutory rape, where it was claimed that two of the witnesses for the state co-operated in having an abortion committed to cover up the crime, it was held that it was not error to refuse a requested instruction as to the credibility of such witnesses.

In State v. Young (N. D.), 212 N. W. 857, where in a trial for rape it was shown by the cross-examination of the prosecuting witness that she had had sexual intercourse with another than the defendant prior to the act charged against him, it was held not to be error to refuse an instruction that the jury might consider her morals "in determining the weight and credit" to be given to her testimony. The court says:

"Instructions on the credibility of witnesses should apply alike to all witnesses, whether they are for the prosecution or for the defense. 16 Co. J. 1014. The general rule is that, in the absence of special circumstances, the court should not single out the witness of either the state or the defendant to give special instructions regarding thereto. There is no reason why the court should be unjust to the state in singling out witnesses for the state and cautioning specially with reference to them any more than witnesses for the defendant."

"Neither has the court the right to give any intimation as to what it may think is the degree of credibility to be attached to any specific witness. * * * To single out the prosecuting witness and caution as to her testimony is merely a subtle way of intimating what the court might think in regard to her testimony."

See, also, Cobb v. State, 191 Wis. 652, 211 N. W. 785; People v. Cruse, 24 Cal. App. 497, 141 P. 936.

■ Our statute (Code, § 4882) provides that a conviction cannot be had upon the uncorroborated testimony of an accomplice, and it is therefore both proper and necessary that the trial court should instruct a jury as to the effect of this section of the

statute. Without such an instruction the jury might convict on the uncorroborated testimony of an accomplice, and such a conviction would be against the law. But except where the statute requires corroboration we do not think it is proper for the court to single out any witness and make the credibility of such witness the subject of special comment or instruction to the jury.

We are also of the opinion that the requested instruction was broader than the testimony would warrant even had it been proper to give any instruction on the subject. It included the testimony of both the girl operated upon and her companion. The latter only accompanied the other to the home of the defendant and stayed there while the transaction occurred. It is true that she knew the purpose for which they were there, but there is no evidence that she consented in the sense of approving what was done, or that she had any other connection with it than simply accompanying her companion to the home of the defendant knowing the purpose for which she was going there.

On the subject of credibility of witnesses and the weight to be given to their testimony, the court instructed the jury as follows:

"In judging the weight that should be given to the evidence of the several witnesses, you should take into consideration their conduct and manner of testifying, as indicating whether or not they are telling the truth, their knowledge of that about which they have testified, their interest in the result of the trial, the reasonableness of that about which they have testified, and all of the facts and circumstances that might in your judgment affect their credit and the weight that should be given to their evidence."

We think this is a fair and sufficiently full statement of the law applicable to this branch of the case.

The judgment and order appealed from are affirmed.

BURCH, P. J., and POLLEY and SHERWOOD, JJ., concur.

CAMPBELL, J. (dissenting). It seems that neither counsel, the learned trial judge, nor this court are any of them quite certain whether this case was tried at a regular or special term of the court below. With this uncertainty the briefs and record lead me to sympathize. However, from the entire record, and the affidavits and orders, it is my own best guess that the case was

twice tried below at two separate and special terms. I am therefore unable to join in the assumption that it was tried at a general or regular term.

Further, I am of the opinion that it was error to refuse the instruction requested by appellant. The request was timely, and I understand the foregoing opinion to concede that it correctly propounds the law. It is my opinion that the law on this point was not covered by other instructions given. The evidence was conflicting, the first jury disagreed, and no one can say what the verdict of the second jury might have been if the requested instruction had been given. I do not believe that it can be said, under all the facts and circumstances disclosed by this record, that appellant was not prejudiced by the refusal of her request.

I therefore dissent.