[Crim. No. 236.    Department One.—June 16, 1897.]

THE PEOPLE, RESPONDENT, *v.* GEORGE BALDWIN, APPELLANT.

CRIMINAL LAW—RAPE—EVIDENCE—TESTIMONY OF PHYSICIAN—REBUTTAL OF PROSECUTING WITNESS—PREJUDICIAL ERROR—CONVICTION OF LESS OFFENSE.—Upon the trial of a defendant accused of the crime of rape, alleged to have been committed upon a young girl, where the defendant in his testimony has positively denied the act charged, it is prejudicial error to refuse to allow defendant to introduce the testimony of a physician to sustain the testimony of the defendant, and in rebuttal of the testimony for the prosecution, by showing that it would have been physically impossible for a man to commit the act complained of, or to produce the conditions found on the person of the girl, in the manner and under the circumstances described by her in her testimony, and that the child's condition might have been produced by disease or other means than

those testified to by her; and such testimony being competent to dis-
credit the testimony for the prosecution, its rejection is not rendered
harmless by the conviction of the defendant of the lesser offense of as-
sault with intent to commit rape.

ID.—CROSS-EXAMINATION OF WITNESSES FOR PROSECUTION—WIDE LATI.
TUDE TO BE ALLOWED.—It is error to restrict the defendant's right of
cross-examination of the witnesses for the prosecution in reference to
the circumstances of the alleged offense, and the examination made of
the person of the girl by her mother previous to the occasion testified
to; and it is the duty of the court, in a case of this character, to allow
. the widest latitude compatible with the rules of evidence to the defend.
ant in cross-examination of the witnesses for the prosecution.

ID.—TESTIMONY OF PROSECUTING WITNESS—COMPETENCY—DISCRETION OF
JUDGE—EXAMINATION AT PREVIOUS TRIAL.—The admission of the tes.
timony of a young girl, as the prosecuting witness, against an objection
for want of sufficient age, is discretionary; and where the court had ex-
amined the witness upon a previous trial, and then became satisfied as
to her competency, it was not necessary to re-examine her upon a suc-
ceeding trial; and where the defendant did not ask for a re-examina-
tion, or for the privilege of examining her as to her competency, it is
no abuse of discretion to admit her testimony.

ID.—COMPLAINT OF PROSECUTING WITNESS—EVIDENCE OF MOTHER—PER·
SONAL EXAMINATION.—It is competent and admissible for the mother
of the prosecuting witness to testify that the latter made complaint to
her immediately on reaching home, that the mother then examined her
condition, and what was the result of such examination.

ID.—INSTRUCTIONS — CIRCUMSTANTIAL EVIDENCE—FALSE ASSUMPTION.—
Where the testimony of the prosecution does not rest exclusively upon
circumstantial evidence, it is proper to reject instructions asked by the
defendant, based upon the assumption that the testimony rested upon
that ground.

ID.—INSTRUCTIONS ASSUMING AGE OF GIRL—UNDISPUTED FACT.—Where
no question was made at the trial, of the fact that the prosecuting wit-
ness was under the age of ten years, it is not improper for the judge to
assume the fact in his instructions to the jury.

ID.—CHARGE AS TO MATTER OF FACT—LESSER OFFENSE—ATTEMPT TO
COMMIT RAPE.—It is a clear transgression of the constitutional inhibi-
tion against charging juries on questions of fact, for the court to in.
struct the jury that if they were satisfied that an attempt to commit
rape was ever made, it must as well satisfy them that it was accom-
plished, and that in his opinion upon the evidence there could be no
conviction of an attempt.

ID.—SELECTION OF JURORS BY SUPERVISORS — ADJOURNED MEETING—
CHALLENGE TO PANEL.—The statute does not require the selection of
names for jury service by the supervisors, to be made either at a regular
meeting, or at a meeting specially called for the purpose; and it is not
ground for challenge to the panel that the jurors were selected by the
board at an adjourned meeting at which all the members of the board
were present.

ID.—EVIDENCE—ORDINANCE FIXING TIMES OF MEETINGS OF SUPERVISORS
—PUBLICATION—PRESUMPTION.—Where an ordinance fixing the times

of the regular meeting of a board of supervisors is produced from the
regular record book of the' board, with the usual recitals as to its adopt-
tion, and its provisions appear to have been thereafter pursued by the
board, the mere silence of the record as to publication is not enough to
overcome the presumption of due publication arising from the circum-
stances, nor to put the prosecution upon proof of the fact of publication.

ID.—ORDER OF COURT DESIGNATING NUMBER OF JURORS—SIGNATURE OF
JUDGE NOT REQUIRED.—An order of court designating the number of
jurors to be selected by the supervisors is not required to be signed by
the judge making it; and the absence of such signature is not ground
of challenge to the panel.

APPEAL from a judgment of the Superior Court of
Orange County and from an order denying a new trial.
J. W. TOWNER, Judge.

The facts are stated in the opinion of the court.

*McKelvey & Bowes*, for Appellant.

The court erred in admitting evidence of Lizzie Will-
iams, a child of tender years, without examination as
to her competency. (*People* v. *McNair*, 21 Wend. 608.)
A conviction cannot be had upon the uncorroborated
evidence of the prosecuting witness. (*People* v. *Benson*,
6 Cal. 221; *People* v. *Hamilton*, 46 Cal. 540.) The court
erred in charging the jury what the evidence showed.
(*People* v. *Casey*, 65 Cal. 261; *People* v. *Chew Sing Wing*,
88 Cal. 268.) The court erred in restricting the cross-
examination of the witnesses for the prosecution. The
court erred in not allowing the challenge to the panel.
(Cooley's Constitutional Law, 293; County Government
Act, sec. 22; Code Civ. Proc., sec. 204.)

*W. F. Fitzgerald*, Attorney General, and *Henry E. Car-
ter*, Deputy Attorney General, for Respondent.

The question as to the competency of the prosecuting
witness was for the trial judge to determine. (Code
Civ. Proc., sec. 1880; *People* v. *Craig*, 111 Cal. 469.)
A conviction of an assault with intent to commit rape
may be had on the uncorroborated testimony of the
prosecutrix. (*People* v. *Mayes*, 66 Cal. 597; 56 Am. Rep.
126; *People* v. *Stewart*, 90 Cal. 212; *People* v. *Mesa*, 93 Cal.

580; *People* v. *Stewart*, 97 Cal. 238; *People* v. *Cesena*, 90 Cal. 381.) There was no prejudicial error in the instructions, the conviction being of an assault with an intent to commit rape. An error not productive of injury is not ground of reversal. (*Bradley* v. *Lee*, 38 Cal. 362; *People* v. *Ybarra*, 17 Cal. 166.) There was no error in denying the challenge to the panel. The meeting of the supervisors for election of jurors must be presumed regular. (*Freeholders* v. *State*, 24 N. J. L. 718; *Rutherford* v. *Hamilton*, 97 Mo. 543; *Tierney* v. *Brown*, 65 Miss. 563; 7 Am. St. Rep. 679; 1 Dillon on Municipal Corporations, 4th ed., sec. 264.) An immaterial departure from the prescribed forms in selecting and returning jurors will be disregarded. (*People* v. *Davis*, 73 Cal. 355; 12 Am. & Eng. Ency. of Law, 30.)

VAN FLEET, J.—Defendant was charged with rape, committed upon a minor under the age of consent. He was convicted of assault with intent to commit rape, and appeals from the judgment and an order denying him a new trial.

1. The prosecuting witness was a young girl between eight and nine years of age; her story as to the circumstances of the offense was, briefly, that in returning from school in the country district where she lived, in company with a little brother and another child companion, she took a short cut through defendant's premises; that the defendant, who was in his milkhouse at the time, stopped her, and induced her to go into the building by giving her some pretty shells, and there committed the act while she "was standing up . . . . standing in the middle of the floor," and the defendant was " kneeling down."

The defendant, a married man, denied positively committing the act charged, or any other improper act toward the child; his statement was, that he was standing at the well when the little girl came past, crying as if in pain or distress; that he spoke kindly to her and gave her a drink of water and some shells that were

there, when she immediately passed on toward her home; that he did not put his hands upon her in any way.

In support of his defense, the defendant called Dr. Ball, a physician, and was proceeding to show by the witness that it was physically impossible for a man to commit the act complained of, or produce the conditions found on the person of the child, in the manner and under the circumstances described by her. This evidence was excluded by the court, as irrelevant and immaterial. We think the evidence was both relevant and material, and its exclusion error. The respondent, in fact, has made no effort in its brief to sustain the propriety of the ruling. Such evidence, if believed, would certainly have had a logical tendency, not only to refute the testimony of the girl in a most material feature, but to sustain that of the defendant, and support the theory of the latter—that the condition in which the child's person was found had been produced by some other means than that claimed by her, or at least by another agency than that of the defendant.

Nor was the error rendered harmless by the fact that the defendant was convicted only of the lesser offense of an assault with intent to commit the act, since, had the evidence been admitted, it might well have satisfied the jury that the girl had willfully misstated the circumstances of the alleged act—a result which would have had a legitimate tendency to discredit her entire statement, and thus possibly have given rise in the minds of the jury to a reasonable doubt of the defendant's guilt of any offense.

The court should also, for similar reasons, have admitted the evidence of the same witness as to whether the child's condition might not have been produced by disease or other means than that testified to by her; and as to how long the evidences of such an act could be detected on the clothing. These inquiries were material and relevant to the issue before the jury and the evidence was competent.

2. We think the court also erred in restricting defendant's right of cross-examination in several instances—notably in the examination of the girl complainant with reference to the circumstances of the alleged offense, and in the examination of her mother as to when she had examined her child's person previous to the occasion testified to.

The testimony is not of a character to invite its recitation, and it is, therefore, not desirable, nor is it necessary, to go into its details in order to show the materiality of the rulings of the court in this particular. It will be sufficient to say, in a general way, that in a case of this character the very widest latitude compatible with our somewhat technical and restricted rules of evidence should be allowed the defendant in his cross-examination of the witnesses of the people. More especially is this true with reference to the prosecuting witness and those who, by reason of blood or other circumstance, may be charged with a deep interest in the case. In this class of prosecutions the defendant, owing to natural instincts and laudable sentiments on the part of the jury, and the usual circumstances of isolation of the parties involved at the commission of the offense, is, as a rule, so disproportionately at the mercy of the prosecutrix's evidence, that he should be given the full measure of every legal right in an endeavor to maintain his innocence. We think the rulings of the learned judge of the court below in the instances noted, and one or two others observed in the record, transgressed the defendant's rights in this respect.

3. The challenge to the panel was properly disallowed. The statute does not require the selection of names for jury service by the supervisors to be made at either a regular meeting of the board or a meeting specially called for the purpose; and we perceive no good reason why such selection may not, as in this instance, be made at an adjourned meeting at which all the members were present.

The real point of the objection, however, was that

the board could not competently meet at all to make such selection, because the ordinance fixing the date for regular meetings had, it was claimed, never been legally adopted, in that it was not published as required by law.   But this objection, assuming it can competently arise, was not borne out by the evidence.   The ordinance was produced from the regular record book of the board, with the usual recitals as to its adoption, and it appeared that the board had ever since its adoption acted in pursuance of its provisions; there was no direct evidence offered that it had not, in fact, been duly published; it was simply shown, and in fact admitted by the district attorney, that there was no record evidence in the office of the clerk showing such publication.   But this mere silence of the record as to the fact was not sufficient to overcome the presumption of due publication arising from the circumstances, nor put the prosecution to proof of the fact.   (*Merced Co.* v. *Fleming*, 111 Cal. 46.)

The further ground of the challenge that the order of court designating the number of jurors to be selected by the board was not signed by the judge is without merit.   It was not required to be so signed.   It was made in open court and entered in the minutes—a method quite as competent and more usual than having it signed by the judge.

4. We cannot review the discretionary action of the court in admitting the testimony of the prosecuting witness against defendant's objection that she was incompetent by reason of want of age, since there is nothing to indicate any abuse.   (*People* v. *Craig*, 111 Cal. 469.)   Nor was it necessary that the judge should re-examine the witness to determine her competency, he having made an examination for such purpose at a previous trial of the case.   It was only necessary that he should be satisfied of her capacity, and, the objection being based solely on the ground of age, there could certainly be no presumption that she was less competent than on a former occasion.   Moreover, the

defendant did not ask either that he be permitted to examine the witness further or that the judge do so.

5. The evidence of the girl's mother that the former made complaint immediately on reaching home, that the mother examined her condition, with the result of such examination, was all material and competent evidence, and properly admitted. (*People* v. *Stewart,* 97 Cal. 238.) The mother was not asked, nor did she undertake to state in detail, what the child told her, but simply the fact that she complained of the violence done her person.

6. There was no error in the giving or refusing of instructions. Those asked by the defendant on the subject of circumstantial evidence, which were refused, all proceeded expressly upon the assumption that the case of the prosecution rested exclusively upon that character of evidence, which was not true, and the instructions were, therefore, misleading.

7. The reference to the age of the girl in the charge of the court was, we think, fully justified. The defendant had by his objection to the admission of her testimony expressly assumed, if not conceded, that she was under the age of ten years, and upon this point there was absolutely no attempt to question or refute the evidence of the prosecution. Under these circumstances the age of the girl can scarcely be said to have been an issue before the jury.

We think the trial judge should have refrained from this suggestion, made in that part of his charge referring to the offenses included in the information: "I will say here, however, that I do not think, after careful consideration, that upon the evidence in this case there could be a conviction of an attempt. If, gentlemen, the evidence satisfies you that an attempt was ever made, it must as well satisfy you that it was accomplished."

It is unnecessary to determine whether under the evidence in this case this feature of the charge consti-

tuted prejudicial error. But that it was a clear transgression of the constitutional inhibition against charging juries on questions of fact, and as such was erroneous, is obvious. Such suggestions, whatever the state of the evidence, are always dangerous, and should not be indulged in. We find nothing further in the record calling for special notice.

For the reasons above stated, the judgment and order are reversed and the cause remanded for a new trial.

GAROUTTE, J., and HARRISON, J., concurred.