[Crim. No. 912.  Department One.—May 19, 1903.]

THE PEOPLE, Respondent, v. M. B. WILMOT, Appellant.

CRIMINAL· LAW—RAPE—VENUE—INFORMATION.—An information for
rape is sufficient as to the venue if it alleges that the offense was
committed within the county where the information is filed.

ID.—STATEMENT OF OFFENSE.—The information is sufficient as to the
statement of the offense charged in the absence of a special de-
murrer, where it charges that on or about a certain date prior to
the filing of the information, the defendant accomplished an act of
sexual intercourse with a person named, who was at the time a
female under the age of sixteen, and not the wife of the defendant.

ID.—COMPLAINT BY PROSECUTRIX.—Upon a prosecution for rape the peo-
ple may prove that the injured party made complaint of the injury
while the offense was recent, both by the testimony of the prosecu-
trix and of those to whom the complaint was made.  Such evidence
is original, and not hearsay, when restricted, as it should be, to the
fact of complaint.

ID.—HEARSAY—STATEMENTS OF PROSECUTRIX.—It was objectionable
hearsay to allow the prosecutrix to make statements of what she
told her friends.  Mere statements of the prosecutrix made in casual
conversation with her friends do not constitute the complaint, which
is admissible under the rule.

Id.—Competency of Witness.—The question as to the competency of a witness of tender years is peculiarly within the discretion of the court.

Id.—Chastity of Prosecutrix—Reputation.—Where the prosecutrix is under the age of consent, evidence as to her reputation for chastity is not admissible.

APPEAL from a judgment of the Superior Court of Monterey County and from an order denying a new trial. N. A. Dorn, Judge.

The facts are stated in the opinion of the court.

Renison & Feliz, for Appellant.

Tirey L. Ford, Attorney-General, C. N. Post, Assistant Attorney-General, and J. Charles Jones, for Respondent.

ANGELLOTTI, J.—Defendant was convicted of the crime of rape in the superior court of Monterey County and adjudged to suffer ten years' imprisonment in the state prison. He appeals from the judgment and order denying his motion for a new trial.

The demurrer to the information was properly overruled. The only special ground of demurrer was, that it did not allege with sufficient accuracy or particularity the place or locality of the commission of the alleged crime, and that said defendant is unable therefore to make a proper defense thereto. The information did allege that the offense was committed in the county of Monterey, state of California, and this was sufficient. The other objections to the information are without force. The only reasonable construction that can be given to the language used in the charging part is, that the defendant at a time prior to the filing of the information,— to wit, on or about the ninth day of May, 1901, in the county of Monterey, state of California, did willfully, unlawfully, and feloniously accomplish an act of sexual intercourse with the person named therein, and that said person was at the time of the accomplishment of said act a female under the age of sixteen years, and not the wife of the defendant. Any other construction would do violence to the language used. The language used was certainly sufficient in the absence of a special demurrer.

Numerous errors in the rulings of the court in the admission and rejection of testimony are alleged, the main question raised thereby being as to the admission by the court of evidence of statements of the prosecutrix to others as to the commission of the offense charged.  It is well settled that in prosecutions for rape the people may prove that the injured party *made complaint of the injury* while it is recent, and that this may be shown both by the prosecutrix and those to whom the complaint is made.  While such evidence would ordinarily be hearsay, its admission in this class of cases is justified upon the ground that in such cases, when restricted to the *fact of complaint,* it is in the strictest sense original evidence.  It is natural that a woman violently assaulted and outraged should, at the earliest moment practicable, make *complaint of her injury,* and her omission to do so, especially to those related to her, would be regarded as strong evidence against her claim that she was an unwilling victim.  Hence the fact that she did immediately make complaint has generally been held to be original evidence, corroborating her testimony that the act of the defendant was against her will. The reason for the rule admitting such testimony would appear to be wanting in the case where the act is accomplished with a female who fully understands the nature thereof, and freely and voluntarily submits thereto.  Doubtless, however, evidence of the fact of *complaint of injury* on the part of one under the age of legal consent would in most cases be competent, and this court has in this respect made no distinction between cases where there was actual resistance and those where resistance and non-consent were conclusively inferred by the law.   (See *People* v. *Baldwin,* 117 Cal. 251; *People* v. *Barney,* 114 Cal. 554.)   The rule enunciated by the authorities generally, and by all the decisions in this state, is in all cases to admit evidence of the *fact of complaint,* and in no case to admit anything more (*People* v. *Mayes,* 66 Cal. 597; [1] *People* v. *Tierney,* 67 Cal. 55; *People* v. *Snyder,* 75 Cal. 323; *People* v. *Stewart,* 97 Cal. 241; *People* v. *Barney,* 114 Cal. 554; *People* v. *Baldwin,* 117 Cal. 251; *People* v. *Lambert,* 120 Cal. 171); for, as said by Greenleaf, ''The evidence when restricted to this extent is not hearsay, but in the strict-

---

[1] 56 Am. Rep. 126.

est sense original evidence. *When, however, these limits are exceeded, it becomes hearsay in a very objectionable form.*" It is clear that to allow any mere statement of the prosecutrix as to the details of the affair, or as to the name of the person accused by her, to be given in evidence would be to allow hearsay evidence to prove the offense. (See *People v. Lambert,* 120 Cal. 171.) It is likewise clear that any mere statement of the prosecutrix, made in casual conversation with her friends, does not constitute the *complaint* impelled by physical pain or outraged feelings contemplated by the rule.

The record in this case shows that the prosecutrix was asked, after having testified to the circumstances of the affair, "Did you ever tell this to anybody?" and answered, over objection and exception, "I told it to Alice Fiese." Alice was a playmate of prosecutrix, and prosecutrix seems to have communicated the information to her as a mere matter of gossip. There was no *complaint* apparent. She was then asked, "Anybody else?" and answered, over objection and exception, "I told it to Miss Fannie Wyatt." She stated that she also told others. Miss Wyatt, who was a kindergarten teacher, was subsequently called, and stated that about six days after the date of the alleged offense she had a conversation with the prosecutrix. She was then asked by the district attorney whether at that time anything was said by the prosecutrix on the subject of her relations with the defendant, and answered, "Yes, sir." It is doubtful from the record whether the objection to this question made by defendant was made before or after answer. The answer was followed by a further question on the part of the district attorney, as follows: "Did she say whether or not this defendant had had sexual intercourse with her?" This was objected to by defendant, whereupon the following occurred:—

"*The Court.*—The rule in such cases is, that particular statements of the parties are not admissible on the part of the prosecutrix, but the fact that the fact of an assault was communicated to another is always admissible.

"*District Attorney.*—That is all I ask for.

'*The Court.*—The form of your question goes further than that. Answer this last question.

"Exception taken by defendant's counsel.

"*Witness.*—She did speak about it.

"Q. About five days after?—A. Yes, sir.

"Q. Did she say that he had?—A. She did say that he had on the 9th of May."

The answer of the learned attorney-general to the claim of defendant, that this evidence was improperly admitted, is exceedingly technical, but it is probably the only answer available. That the testimony elicited was incompetent is very clear, and that it must have substantially affected defendant's cause is likewise clear. The attorney-general contends that the first question set forth was modified by the suggestion of the court and the answer of the district attorney, but it is plain that the court, over the objection of defendant, directed the witness to answer the question asked by the district attorney, and that she did answer it. The subsequent questions asked were along the same line as the first, for the purpose of obtaining the information sought to be elicited by such question, and under the circumstances shown by the record should be deemed covered by the objection and exception. Throughout the record it is apparent that the counsel for defendant objected to the admission of any testimony of statements by the prosecutrix to others, and sought diligently to exclude the same. Under the circumstances shown, we feel that it would be trifling with justice to hold that all of this testimony given by Miss Wyatt was not covered by the objection and exception of defendant.

As was said by this court, in *People* v. *Baldwin,* 117 Cal. 251, "In this class of prosecutions, the defendant, owing to natural instincts and laudable sentiments on the part of the jury and the usual circumstances of isolation of the parties involved at the commission of the offense, is, as a rule, so disproportionately at the mercy of the prosecutrix's evidence that he should be given the full measure of every legal right."

We have examined the other errors alleged, but, except those relating to the line of evidence already noted, we find nothing that would warrant a reversal. The question as to the competency of a witness of tender years is one peculiarly within the discretion of the trial court. Where the prosecutrix is under the age of consent, evidence as to her reputa-

tion for chastity is not admissible. (*People* v. *Johnson,* 106 Cal. 293; *People* v. *Harlan,* 133 Cal. 20.) Such evidence does not go to the question of credibility of a witness. Certain questions asked the witness Herbert might properly have been allowed in response to the prosecution's claim of flight, but, in view of the defendant's own testimony as to the reasons for his departure from home, were unimportant. The objections to the questions asked defendant on direct examination were properly sustained.

There was sufficient evidence to sustain the verdict, and no error is apparent in the instructions of the court. There is nothing in the point made on oral argument as to the sufficiency of the plea.

On account of the error in the admission of evidence of the statements of the prosecutrix, the judgment and order are reversed, and the cause remanded for a new trial.

Shaw, J., and Van Dyke, J., concurred.