[Crim. No. 656.   First Appellate District.—February 7, 1917.]

THE PEOPLE, Respondent, v. ROBERT PRIETZ,
Appellant.

CRIMINAL LAW—RAPE—EVIDENCE—STATEMENTS OF PROSECUTRIX.—In
a prosecution for the crime of rape alleged to have been committed
by the defendant upon his own daughter of the age of fifteen years,
where the testimony of the prosecuting witness lies close to the
border line of incredibility, it is prejudicial error to admit certain
statements made by the prosecuting witness to another of the prin-
cipal witnesses for the prosecution respecting complaints which the
prosecutrix claimed to have made with regard to her father having
committed many acts of sexual intercourse with her.

APPEAL from a judgment of the Superior Court of
Alameda County, and from an order denying a new trial.
J. J. Trabucco, Judge presiding.

The facts are stated in the opinion of the court.

A. F. St. Sure, and J. Leonard Rose, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan,
Deputy Attorney-General, for Respondent.

LENNON, P. J.—This is an appeal from a judgment of
conviction of the defendant upon a charge of rape alleged to
have been committed upon his daughter at the time of the
age of fifteen years.

The record is voluminous, and presents a state of facts
which it would subserve no worthy or useful purpose to re-
produce in their disgusting and sordid details here. The
appellant's first contention is that the story of the prosecuting
witness as recited upon the trial of the cause is so inher-
ently improbable as to require a reversal of the verdict and
judgment of conviction based upon it. While there is much
force in this suggestion, and while there was also much in
the prosecution of the case as disclosed by the record which
does not commend itself to us, we are unable to say from a
careful consideration of the entire record that the testimony

educed on behalf of the people is on the whole insufficient to support the verdict by reason of its inherent improbability.

While, however, this is our conclusion as to the facts of the case, we are of the opinion that this is one of those cases wherein any error of the trial court in the admission or rejection of material evidence would amount to prejudicial error, particularly where the evidence thus erroneously admitted or excluded had a direct bearing upon the main issue in the case and upon the degree of credit to be accorded to the prosecuting witness therein.

This brings us to the appellant's second contention, which is that the trial court erred in its rulings upon the admission of certain statements made by the prosecuting witness to another of the principal witnesses for the prosecution respecting complaints which the prosecuting witness claimed to have made with regard to her father's treatment of her. While upon the witness-stand the prosecuting witness was asked the following question: "Q. You stated to Miss Delmar that your father had committed many acts of sexual intercourse upon you, did you not?" Aside from the leading and improper form of this question, to which the defendant did not urge this specific objection, his other proper objections to it were overruled by the court, and the witness was permitted to answer the question affirmatively. The question and answer thus permitted responded to the proffer of proof made by the prosecuting attorney in his opening statement to the jury, wherein he said: "She finally confessed to Mrs. Margaret Delmar what had been done to her all this time," and would thus be given an added impression and influence upon the jurors' minds. We are unable to distinguish the foregoing question and ruling from the question and ruling which led to the reversal of the case of *People* v. *Wilmot*, 139 Cal. 103–107, [72 Pac. 838], wherein the obnoxious question was in the following form: "Q. Did she say whether or not this defendant had had sexual intercourse with her?" The trial court permitted this question to be answered, and the supreme court reversed the case upon that sole ground, holding that the testimony elicited was clearly incompetent and that it must have substantially affected the defendant's case.

In a case lying as close to the border line of incredibility as does the present one, we think the error of the trial court

in permitting the foregoing question to be answered was prejudicial to a degree which requires a reversal of the case. Judgment and order reversed.

Richards, J., and Kerrigan, J., concurred.