PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* MIGUEL PÁRQUEZ, Defendant and Appellant.

No. 2538. Argued July 20, 1925.—Decided July 24, 1925.

1. ASSAULT WITH INTENT TO RAPE—EVIDENCE—WITNESS—CAPACITY OF WITNESS—CHILD AS WITNESS.—The capacity of a child under ten years of age to be a witness is left to the sound judgment of the trial judge and his decision will not be modified on appeal unless it is clearly erroneous.

2. ID.—ID.—RES GESTAE—CORROBORATION.—In a prosecution for assault with in-
tent to commit rape statements of the assaulted woman made immediately or
shortly after the offense was committed are admissible in corroboration of
her testimony.

3. ID.—ID.—ID.—ID.—The law requires no corroboration of the testimony of the
victim in a prosecution for the crime of assault with intent to commit rape.

4. ID.—ID.—ID.—ID.—INSTRUCTIONS TO JURY.—In a prosecution for assault with
intent to commit rape an instruction to the effect that the law in such cases
does not require corroboration of the testimony of the victim is not erroneous,
and such an instruction is less open to objection when the judge charges the
jury that in addition to the testimony of the victim there should be some
element of evidence to connect the defendant with the crime charged.

District Court of Humacao, Pablo Berga, J.  Conviction of assault
with intent to rape.  *Affirmed.*

*Francisco Cervoni* for the appellant.  *José E. Figueras, Fiscal,* for
the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was charged with the crime of assault
with intent to rape a girl under fourteen years of age
named Alejandra Rivera Figueroa, known as Alejandrina
Cardona, and upon conviction of that crime by a jury he
moved the court to grant him a new trial.  The motion was
overruled and he was sentenced to two years in the peni-
tentiary, whereupon he appealed from the ruling denying
him a new trial and from the judgment, assigning as errors
the same grounds on which he based his motion for a new
trial.

The assignments are as follows: First, that the court
erred in admitting the testimony of Fidelina Matos, a girl
eight years of age, after it had been shown that she was
incapable of receiving exact impressions of the facts about
which she would testify; second, that the court erred in
allowing Eustaquio Camacho to testify to what Alejandra
Rivera said to him; third, that the court erred in instruct-
ing the jury that in cases of assault with intent to commit
rape the law does not require the testimony of the as-
saulted woman to be corroborated.

In this appeal there is no statement of the case contain-
ing the evidence introduced at the trial, but in a bill of ex-

ceptions settled by the trial court we find that the following occurred with regard to the first assignment of error:

"Fidelina Matos, upon being questioned by the district attorney, testified that her name was Fidelina Matos; that she was ten years old; that she could not read or write; that she was not yet attending school, but expected to do so later; that she did not know the meaning of truth; that she did not know what happens to a person who does not speak the truth, nor to one who does not lie; that it is right to tell the truth and wrong to lie. The prosecuting attorney then requested the witness to state what she knew about this case. Counsel for the defense objected on the ground that the witness is a girl of not more than eight years of age who does not know the difference between the truth and a lie, or what is an oath. The prosecuting attorney continued to question the witness and she testified that she did not know what was an oath or what it meant to testify under oath.

"Questioned by the judge, she testified that she was not attending school, but that her mother intended to send her soon; that when she first came here she was made to raise her hand and swear. On being asked by the judge whether she knew for what purpose she raised her hand she answered that she had not raised her hand. She then said that she had come here today to state what was done to her; that she was going to tell the truth with reference to this matter; that if something happened to her she would relate it, stating what was done to her, and that this was to tell the truth; that her mother had not punished her for telling the truth; that she had never told her mother a lie; that with reference to the people who lie her mother taught her not to lie; that she did not know what happened to people who lie, but that she came here to state what happened to her.

"The court then allowed the witness to testify and counsel for the defense took an exception. The witness continued to answer the questions of the prosecuting attorney."

This court has already held in the case of *People* v. *Rivera,* 12 P.R.R. 386, that inasmuch as the Code of Criminal Procedure is silent with regard to persons capable of being witnesses, the Law of Evidence is applicable and its section 39 provides that children under ten years of age who

appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly, can not be witnesses.

[1] Therefore, according to our law, the test of whether or not a child under ten years of age can be a witness must be whether his answers show that he is capable of receiving such impressions and of relating them, and this is left to the sound judgment of the trial court, as held by the Supreme Court of the United States in the case of *Wheeler* v. *United States,* 159 U. S. 523; 16 Sup. 93 (40 L. Ed. 244), wherein it was said: "The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence as well as his understanding of the obligations of an oath. As many of these matters can not be photographed into the record the decision of the trial judge will not be disturbed on review unless from that which is preserved it is clear that it was erroneous." To the same effect are the cases of *People* v. *Craig,* 111 Cal. 469 (44 Pac. 186), and *People* v. *Baldwing,* 117 Cal. 250 (49 Pac. 186).

It does not appear from the examination made in this case of the girl Fidelina Matos that the trial court committed manifest error in allowing her to testify.

In order to dispose of the second assignment of error we shall refer also to the bill of exceptions, as follows:

"Eustaquio Camacho, upon being questioned by the prosecuting attorney, testified that his name was Eustaquio Camacho and that he lived at the port of Fajardo; that he knew Miguel Párquez and the girl Alejandrina Rivera; that one night while he was sleeping with his wife, Paula Camacho, between twelve and one o'clock the two girls to which this case refers came to his house and told him that a man had entered their home, whereupon he opened the door and then the girls said to him . . .

"The defense objected to testimony of the witness about what

was said to him, because it was not said to him by the victim at the moment when the crime was committed, if it was committed, a matter which had not yet been proved.

"The prosecuting attorney proceeded and the witness testified that he was a neighbor of the family of said girls and lived at about the same distance from them as the distance between the place where the defendant was sitting and the witness-stand; that he awoke when the girls called him; that the girls were crying; that he opened the door for them and they said . . .

"The defense again objected to testimony about what the witness was told, as it is not *res gestae* evidence. The court allowed the witness to testify to what Alejandrina Rivera said to him and counsel for the defense noted an exception. The witness continued to answer the questions of the prosecuting attorney. . ."

[2] With the facts brought out in the testimony of this witness we are not in a position to hold that his testimony was inadmissible because it was hearsay evidence, for in the case of *People* v. *Ruiz,* 18 P.R.R. 587, we held that statements of the injured woman made immediately or shortly after the crime was committed were good evidence as a part of the *res gestae* in corroboration of her testimony and applicable with equal force in a case of assault with intent to commit rape. See also *People* v. *Anglada,* 20 P. R.R. 11, and *People* v. *Calventy, ante,* page 375.

[3, 4] With regard to the last assignment of error, we agree with the trial court that section 250 of the Code of Criminal Procedure which requires corroboration of the testimony of the injured woman in a case of rape does not require it in a prosecution for assault with intent to commit rape. In any event, the appellant can have no ground for complaint in this case, because the court below charged the jury that the nature of the case suggested that it would be more proper that there should be some element of proof, in addition to the testimony of the victim, to connect the defendant in some way with the commission of the crime charged.

For the reasons stated both the ruling denying a new trial and the judgment should be affirmed.