EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MIGUEL PÁRQUEZ, acusado y apelante.

No. 2538.—*Visto:* Julio 20, 1925. *Resuelto:* Julio 24, 1925.

1. TESTIGOS—COMPETENCIA—CAPACIDAD Y CONDICIONES EN GENERAL—MENORES DE DIEZ AÑOS.—El decidir sobre la capacidad de un menor de diez años para ser testigo queda al buen criterio del juez sentenciador y su decisión no será modificada en apelación a menos que sea claramente errónea.

2. VIOLACIÓN—PROCESO Y CASTIGO—EVIDENCIA—CORROBORACIÓN DE LA DECLARACIÓN DE LA OFENDIDA.—En un proceso por ataque con intención de cometer violación, las manifestaciones de la mujer agraviada hechas inmediatamente o poco después de inferida la ofensa son admisibles en corroboración de la evidencia de la ofendida.

3. VIOLACIÓN—PROCESO Y CASTIGO—EVIDENCIA—CORROBORACIÓN DE LA DECLARACIÓN DE LA OFENDIDA.—La ley no exige la corroboración de la declaración de la ofendida para el delito de ataque con intención de cometer violación.

4. VIOLACIÓN—PROCESO Y CASTIGO—JUICIO Y REVISIÓN—INSTRUCCIONES SOBRE LA CORROBORACIÓN DE LA OFENDIDA—ATAQUE CON INTENCIÓN DE COMETER VIOLACIÓN.—En un proceso por delito de ataque con intención de cometer violación la instrucción al efecto de que la ley en tales casos no requiere la corroboración de la ofendida no es error; y menos tal instrucción puede

ser motivo de queja cuando el juez expresa al jurado la conveniencia de que exista algún elemento de prueba, aparte de la declaración de la perjudicada, que relacione al acusado con el delito imputádole.

SENTENCIA de *Pablo Berga*, J. (Humacao), condenando al acusado por delito de ataque para cometer violación. *Confirmada,* así como la negativa de nuevo juicio.

*Francisco Cervoni,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El apelante fué acusado por delito de ataque para cometer violación en la niña menor de catorce años de edad Alejandra Rivera Figueroa, conocida por Alejandrina Cardona, y habiendo sido declarado culpable de ese delito por un jurado solicitó de la corte que le concediera un nuevo juicio pero le fué negada esa petición y habiendo sido condenado a la pena de dos años de presidio interpuso apelación contra la negativa de nuevo juicio y contra la sentencia, alegando como errores de ésta los mismos motivos por los que pidió nuevo juicio.

Los errores alegados son los siguientes: primero, haber permitido la corte inferior que declarase la niña de 8 años Fidelina Matos habiéndose demostrado ser incapaz para recibir impresiones exactas de los hechos sobre los cuales había de declarar: segundo, haber permitido que Eustaquio Camacho declarase lo que le manifestó Alejandra Rivera: y tercero, haber instruido al jurado que en los casos de ataque para cometer violación la ley no requiere que sea corroborado el testimonio de la mujer agraviada.

No se nos ha presentado en esta apelación una exposición del caso con la prueba presentada en el juicio pero en un pliego de excepciones aprobado por la corte inferior encontramos con respecto al primer motivo de error que ocurrió lo siguiente:

"Fidelina Matos, esta testigo a preguntas del fiscal, declara: que se llama Fidelina Matos; que tiene ocho años de edad; no sabe leer

ni escribir; que no va todavía a la escuela, sino que la van a po-
ner; que no sabe lo que quiere decir verdad; que no sabe lo que
le pasa al que no dice verdad, ni al que no dice mentira; que decir
la verdad es bueno y decir la mentira es malo. El fiscal entonces
solicitó de la testigo que dijera lo que sabía en el presente caso. Y
el abogado defensor se opuso porque la testigo es una niña, que no
pasa de ocho años, que no sabe lo que es decir verdad, ni mentira,
ni lo que es un juramento. El fiscal sigue interrogando a la tes-
tigo y declara; que no sabe lo que es un juramento, ni lo que quiere
decir declarar una cosa bajo juramento.

"A preguntas del juez declara: que no va a la escuela y su
mamá la va a poner ahora; que cuando vino aquí primero, le hi-
cieron levantar la mano y jurar. A preguntas del juez para qué
levantó la mano, si lo sabía, contestó que no había levantado la
mano. Y sigue diciendo: que viene a declarar hoy aquí lo que le
hicieron; que va a decir en relación con esto la verdad; que si le
ocurre un hecho lo contaría, diciendo lo que le hicieron, y que esto
es decir verdad; que su mamá no la ha castigado por decir verdad;
que nunca ha dicho a su madre una mentira; que su mamá, con res-
pecto a los que dicen mentira, le dice que no diga mentira; que
no sabe lo que le pasa a los que dicen mentira, pero que viene aquí
a declarar lo que le ocurrió.

"La corte permitió entonces que la testigo declarara, y el abo-
gado defensor tomó excepción. La testigo continuó declarando a
preguntas del fiscal."

Ya ha declarado este tribunal en el caso de *El Pueblo* v.
*Rivera,* 12 D.P.R. 416, que puesto que el Código de Enjui-
ciamiento Criminal nada dice con respecto a las personas
capaces de ser testigos en los juicios es aplicable la Ley de
Evidencia, la que en su artículo 39 declara que no podrán
ser testigos los niños menores de 10 años que parecieren in-
capaces de recibir impresiones exactas de los hechos respecto
de los cuales fueren examinados, ni relatarlos con exactitud.

Por consiguiente, la norma de acuerdo con nuestra ley
para decidir si un niño menor de 10 años puede ser testigo
ha de ser que sus contestaciones demuestren que es capaz
de recibir dichas impresiones y de relatarlas, decisión que

queda al buen criterio de la corte donde el juicio se celebra, y así lo declaró el Tribunal Supremo de los Estados Unidos en el caso de *Wheeler* v. *United States,* 159 U. S. 523, 16 Sup. 93, (40 L. Ed. 244), donde se dice: ''La decisión de esta cuestión descansa primariamente en el juez que preside el juicio, quien ve al testigo propuesto, observa sus maneras, su aparente inteligencia o falta de ella y puede recurrir a cualquier examen que tienda a descubrir su inteligencia y capacidad así como sobre su comprensión acerca de las obligaciones de un juramento. Y como muchas de estas cosas no pueden ser fotografiadas en los autos, la decisión del juez que preside el juicio no será modificada en apelación a menos que de la que se haya conservado aparezca claro que fué errónea.'' En igual sentido son las decisiones de *People.* v. *Craig,* 111 Cal. 469, (44 Pac. 186), y de *People* v. *Baldwing,* 117 Cal. 250, (49 Pac. 186).

Del interrogatorio hecho en este caso a la niña Fidelina Matos no resulta un claro error de la corte inferior al permitir que declarase.

[2] Para decidir el segundo error alegado acudiremos también al pliego de excepciones, que dice así:

''Eustaquio Camacho.—Este testigo a preguntas del fiscal declara: que se llama Eustaquio Camacho y vive en la playa de Fajardo; que conoce a Miguel Párquez, así como también a la niña Alejandrina Rivera; que una noche en que se encontraba durmiendo con su señora Paula Camacho, entre 12 y 1 de la noche, se le presentaron las niñas a que se refiere el presente caso y como eran entre las 12 y 1 de la madrugada y decían que se le había metido un hombre en su casa, les abrió la puerta y entonces dichas niñas le dijeron. . . . .

''La defensa se opone a que el testigo manifieste lo que le dijeron, porque no son palabras proferidas por la perjudicada en el mismo momento en que se cometió el delito, si acaso se cometió, cosa que no se había probado todavía.

''El fiscal continuó interrogando: que es vecino de la familia de dichas niñas, a una distancia como desde donde está sentado el acu-

sado a la silla donde se encuentra el testigo; que se despertó cuando fué llamado por las niñas; que las niñas estaban llorando, les abrió la puerta y le manifestaron. . . . .

"La defensa se opone otra vez a que el testigo manifieste lo que le dijeron, por no ser prueba de *res gestae.* Y la corte permitió al testigo declarar lo que le dijo Alejandrina Rivera y el abogado defensor anotó una excepción. Y siguió declarando el testigo a preguntas del fiscal. . . . ."

Con los particulares que se nos ha traído de las declaraciones de ese testigo no estamos en condiciones de declarar que su testimonio no fuera admisible por ser de referencia pues en el caso de *El Pueblo* v. *Ruiz,* 18 D. P. R. 606, hemos declarado que las manifestaciones de la mujer agraviada hechas inmediatamente o poco después de inferida la ofensa es prueba buena como parte del *res gestae* en corroboración de la evidencia de la ofendida, aplicable con igual fuerza en caso de ataque con intención de cometer violación. Puede verse también los casos de *El Pueblo* v. *Anglada* 20 D. P. R. 12 y el de *El Pueblo* v. *Calventi* que resolvimos el 24 de junio de este año. [34 D. P. R. 390].

[3, 4] En cuanto al último error alegado convenimos con la corte inferior en que el artículo 250 del Código de Enjuiciamiento Criminal que requiere corroboración de la declaración de la perjudicada en los delitos de violación no la exige para el delito de ataque para cometer violación. De todos modos el apelante no puede tener motivo de queja en este caso porque la corte inferior dijo al jurado que la naturaleza del caso aconsejaba como más conveniente que haya algún elemento de prueba que de algún modo, aparte de la declaración de la perjudicada, relacione al acusado con la comisión del delito imputádole.

*Por virtud de lo expuesto deben ser confirmadas la negativa de nuevo juicio y la sentencia dictada.*