[Crim. No. 1295.  Second Appellate District, Division One.—April 9, 1926.]

THE PEOPLE, Respondent, v. R. I. BRANCH, Appellant.

**[1]** CRIMINAL LAW—RAPE—EVIDENCE.—In a prosecution for rape as defined by subdivision 1 of section 261 of the Penal Code, it is not error for the trial court to permit the prosecutrix to testify that she knew what was meant by the expression "sexual intercourse" and to base her subsequent testimony upon such assumed knowledge.

**[2]** ID.—EVIDENCE—OTHER SIMILAR OFFENSES.—In such prosecution, the trial court did not err in admitting evidence, over defendant's objection, which tended to establish the fact that on several occasions other than that specified in the information defendant had been guilty of acts similar to those for the commission of which he was on trial.

**[3]** ID.—COMPLAINT BY PROSECUTRIX—EVIDENCE.—In a prosecution for rape, evidence may be received of the fact that complaint was made by the victim of the assault, provided such complaint is

---

2.  See 22 Cal. Jur. 390; 22 R. C. L. 1205.
3.  See 22 Cal. Jur. 384, 385; 22 R. C. L. 1213.

made within a reasonable time after the assault was committed; but such evidence is limited to the bald statement that a complaint was made and a recital of details or particulars is forbidden.

[4] ID. — EVIDENCE — ABSENCE OF MISCARRIAGE OF JUSTICE. — In this prosecution for rape, while the trial court erred in permitting the prosecutrix to testify as to a statement made by her to another witness, giving the details and particulars of the act complained of, it cannot be said, taking into consideration the entire cause, including the evidence, that such error has resulted in a miscarriage of justice under section 4½ of article VI of the constitution.

[5] ID.—MISCONDUCT OF DISTRICT ATTORNEY—FAILURE OF DEFENDANT TO DENY FACTS IN EVIDENCE—UNPREJUDICIAL REMARKS.—In such prosecution, where the evidence showed that defendant, the prosecuting witness, the thirteen year old daughter of defendant, and a youth sixteen years of age traveled together in an automobile through several states, a statement by the prosecuting attorney during his argument referring to the fact that the defendant did not deny the truth of such evidence was not prejudicial to defendant where the trial court immediately instructed the jury to disregard the statement and where compared with the whole body of the evidence the fact adverted to was insignificant.

[6] ID.—FACTS NOT IN EVIDENCE—COMMENT BY DISTRICT ATTORNEY— ABSENCE OF MISCONDUCT.—In such prosecution, assuming that the district attorney committed error in making the statement during the course of his argument that one of the streets on which defendant drove his automobile on the night of the alleged assault was a very rough street, which fact was not in evidence, the defendant suffered no injury by reason thereof where, at the conclusion of the trial, the trial court instructed the jury to exclude from consideration any statements made by counsel, except such as may be conclusions which are legitimately deduced from the evidence, and that the evidence admitted must be their sole guide in the determination of the cause.

[7] ID.—DATE OF COMMISSION OF ACT—PLEADING—EVIDENCE.—In a prosecution for rape, the prosecution is not required to prove that the act was committed on a certain date, but only that it was committed on or about the date specified in the information.

(1) 33 Cyc., p. 1455, n. 29.   (2) 16 C. J., p. 608, n. 98, p. 609, n. 99, 2; 33 Cyc., p. 1483, n. 95.   (3) 33 Cyc., p. 1462, n. 59, p. 1463, n. 66, p. 1464, n. 67.   (4) 17 C. J., p. 368, n. 5; 33 Cyc., p. 1464, n. 67.   (5) 16 C. J., p. 906, n. 8; 17 C. J., p. 299, n. 31.   (6) 16 C. J., p. 897, n. 93, p. 898, n. 98.   (7) 16 C. J., p. 1063, n. 85; 31 C. J., p. 841, n. 4, p. 842, n. 12; 33 Cyc., p. 1453, n. 10.

7.  See 22 Cal. Jur. 375.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a motion for a new trial. J. W. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

Emmons & Aldrich and J. O. Reavis for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and James S. Howie for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction of the crime of rape as defined by subdivision 1 of section 261 of the Penal Code of the state of California. He also appeals from an order denying his motion for a new trial.

[1] Appellant's first specification of prejudicial error is that, over defendant's objection, the prosecuting witness was permitted to state that she knew what was meant by the expression "sexual intercourse," and that her subsequent testimony with reference to the alleged acts of defendant was based upon such assumed knowledge. The reporter's transcript of the proceedings had on the trial of the action shows that on the cross-examination of the prosecuting witness she stated that the matron of the detention home had told her the meaning of the expression under consideration. Although thereafter defendant had ample opportunity otherwise to test the knowledge of the witness, no attempt of any sort was made to do so. It must therefore be presumed that defendant was satisfied with the source of information of the prosecuting witness and as a consequence that she had been correctly informed as to the significance of the words which she used. But aside therefrom, the evidence shows that the prosecuting witness was a girl of the age of fourteen years and, judging from her testimony, was apparently of fair intelligence. The fact as shown by the evidence, that on one occasion defendant, in company with the prosecuting witness and his thirteen year old daughter and a youth of sixteen years of age, drove an automobile at night to a secluded spot; that on such occasion defendant fondled and caressed the prosecuting witness; and shortly thereafter defendant and the prose-

cuting witness left the automobile for fifteen or twenty minutes and that they took a blanket with them; together with the further fact that the evidence discloses that on numerous occasions at night defendant occupied the same bed with the prosecuting witness, would justify the inference that, judged by "the usual passions and propensities of men," the act of sexual intercourse took place between defendant and the prosecuting witness, and, consequently, that the knowledge possessed by the prosecuting witness as to the meaning of the expression was accurate. In such circumstances, that appellant's contention be adopted would require an indulgence in a presumption of ignorance on the part of the prosecuting witness which would be wholly out of keeping with the ordinary observations of every-day life and its surroundings.

[2] Appellant complains of the ruling of the trial court in admitting in evidence, over defendant's objection, the testimony of each of several different witnesses, including that of the prosecuting witness, which tended to establish the fact that on several occasions other than that specified in the information defendant had been guilty of acts similar to those for the commission of which he was on trial. Appellant cites no authority to sustain his position. On the other hand, the authorities are numerous, if not universal, to the effect that in criminal cases of the nature of that here under consideration evidence of identical acts on the part of the defendant is admissible for the purpose of showing the libidinous proclivities of the defendant. In prosecutions of this character the lascivious disposition of the defendant, if proven, is a circumstance tending to establish the proneness of the defendant to commit the particular act of which he is charged. In the instant case the lecherous traits in the character of the defendant having been proven to exist at a time not remote from the time specified in the information as that at which the offense charged was committed, it is but a fair inference that in circumstances affording a favorable opportunity for the commission by defendant of a similar act he would indulge his adulterous passions in accordance with his characteristic propensity.

[3]. Appellant contends that prejudicial error was committed by the court in permitting the prosecuting witness

to testify to certain self-serving declarations. It appears that on redirect examination the complaining witness was permitted to state that immediately after the act of which complaint is made had taken place she told her girl companion that she had had sexual intercourse with the defendant; also that on the trial of defendant such companion was allowed to testify on direct examination that shortly after the offense was alleged to have been committed the prosecuting witness had told her *something,* although the court sustained defendant's objection to a question as to what was actually told her at that time.

It seems to be conceded by appellant that evidence of the fact that the prosecuting witness *complained* of defendant's objectionable conduct immediately after its occurrence was admissible; but the point is made that it was error to permit the prosecuting witness to state of what the complaint consisted, as well as to allow the girl companion to corroborate the prosecuting witness by testifying that she had told her an indefinite *something.*

The law appears to be well established that evidence may be received of the fact that *complaint* was made, by the victim of an assault of the nature of that charged herein, provided that such complaint be made within a reasonable time after the assault was committed. (*People* v. *Stewart,* 97 Cal. 238 [32 Pac. 8]; *People* v. *Baldwin,* 117 Cal. 244 [49 Pac. 186]; *People* v. *Barney,* 114 Cal. 554 [47 Pac. 41]; *People* v. *Wilmot,* 139 Cal. 103 [72 Pac. 838].) The rule, however, limits the evidence to the bald statement that a *complaint* was made and expressly forbids a recital of details or particularities.

A complaint by a prosecuting witness, to have been properly admissible in evidence as such, should at least have been pertinent to the issue. But the relevancy of the "complaint" can be tested only by the defendant on cross-examination of the witness. Had the prosecuting witness "complained" of the weather or of the roughness of the road over which the automobile was being driven on this particular occasion, without cross-examination to develop of what the complaint consisted (which could have been done only by defendant and at his own risk of having stated the very things from which the rule protects him on direct examination of the witness), the mere fact that a "complaint" had

been made would have suggested the surmise, and probably would have been so interpreted by the jury, that the prosecuting witness had genuinely complained of some conduct on the part of the defendant which was relevant to the charge against him.

. In the instant case the prosecuting witness was asked: "Q. Now after you had the first act of sexual intercourse with Mr. Branch the Sunday that you and Mr. Branch and Mr. Louis Dwight and Sylvia Branch went in this Ford coupe did you tell anybody that you had sexual intercourse with Mr. Branch?"

The answer was: "Yes, sir; . . . Sylvia Branch."

In the case of *People* v. *Wilmot,* 139 Cal. 103 [72 Pac. 838], the facts were that several days after the assault was committed the prosecuting witness, as a matter of "gossip," told several of her friends of the occurrence. Thereafter one of them was called as a witness and asked the question: "Did she (the prosecuting witness) say whether or not this defendant had had sexual intercourse with her? . . . Did she say that he had?" to which question the witness replied: "She did say that he had on the 9th of May."

. In ruling upon the admissibility of such evidence the court said: "That the testimony elicited was incompetent is very clear, and that it must have substantially affected defendant's cause is likewise clear. . . . "

In *People* v. *Prietz,* 32 Cal. App. 727 [164 Pac. 13], the judgment was reversed and a new trial granted because of the error of the trial court in permitting a similar question to be answered. To like effect, see the following cases: *People* v. *Lambert,* 120 Cal. 170 [52 Pac. 307]; *People* v. *Tierney,* 67 Cal. 54 [7 Pac. 37]; *People* v. *Mayes,* 66 Cal. 597. [56 Am. Rep. 126, 6 Pac. 691]; *People* v. *Graham,* 21 Cal. 261; *People* v. *Fernandez,* 4 Cal. App. 314 [87 Pac. 1112].

[4] With one exception, each of the foregoing cases was decided prior to the adoption of section 4½ of article VI of the constitution, which provides in substance that "no judgment shall be set aside, or new trial granted, in any case, on the ground of.... the improper admission or rejection of evidence, . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in

a miscarriage of justice." In the Prietz case, *supra,* it does not appear that the constitutional provision to which reference has just been had was taken into consideration; but even though the attention of the court was directed to such provision, by the language of the opinion it is made clear that the reason why the error in admitting in evidence the statement made by the prosecuting witness was held so prejudicial to the case of the defendant as to require a reversal of the judgment was because the case was one "lying so close to the border-line of incredibility." In other words, the case made by the prosecution was so weak and unsatisfactory that it could not be stated with certainty that the admission of the objectionable evidence was not the determining factor in the verdict against the defendant. In the instant case no such situation is presented. The evidence of defendant's guilt, if not direct and positive, is at least convincing. The information charges that at a certain time and place defendant "did then and there wilfully, unlawfully and feloniously have and accomplish an act of sexual intercourse with and upon one (the prosecuting witness) then and there a female person under the age of 18 years." Assuming as true that which is shown by the evidence, that neither force nor violence of any sort was used to accomplish the act of which defendant is charged, any proper "complaint" made by the prosecuting witness would necessarily have included a statement, at least in effect, that the act itself had been committed. No other possible deduction could have been drawn by the jury. Consequently the testimony by the prosecuting witness that she had made a direct statement of the fact merely made certain in the minds of the jury that which otherwise would have been an inference. But while the prosecuting witness stated to her friend that the defendant had committed the act of which he was charged, such fact added very little to the volume of the remaining evidence as to his guilt and in itself was comparatively unimportant. It was but one circumstance of many which pointed toward the correctness of the conclusion reached by the jury. Taking into consideration, as we must, "the entire cause, including the evidence," this court cannot say that "the error complained of has resulted in a miscarriage of justice."

Appellant contends that by reason of certain comments made by the district attorney during his argument to the jury defendant was precluded from having a fair trial.

[5] The evidence showed, among other things, that the defendant, the prosecuting witness, the thirteen year old daughter of the defendant, and a youth of sixteen years of age traveled together in an automobile through several of the western and southern states of the United States. During the argument the district attorney referred to the fact that the defendant did not deny the truth of such evidence; to which statement defendant objected and requested the trial court to instruct the jury to disregard such statement; to which request the court immediately acceded. The defendant was not called upon to deny that fact, and it was improper for the district attorney to refer to his failure to deny it. But, considering the instructions of the trial court on the subject, together with the insignificance of the fact as compared with the whole body of the evidence in the case, we are constrained to hold that the error worked no hardship on the defendant.

[6] Complaint is also made by appellant that the district attorney misconducted himself in his argument to the jury in that he made the statement that one of the streets on which defendant drove his automobile on the night of the alleged assault upon the prosecuting witness was a very rough street. It is unquestionable that in the way of argument to the jury the district attorney is not justified in making statements as to facts not based upon the evidence. While the conduct of the district attorney perhaps was not entirely excusable, the natural assumption would be that, in view of the fact that the district attorney was not sworn as a witness but was arguing the case to the jury, his remarks would be understood by the jury as argumentative rather than evidentiary in their nature. The evidence shows that the street used by the defendant at the time in question was the most direct route to the point of his destination, and that it was no "rougher than that other road"—which would seem to give color at least to the conclusion, as stated by the district attorney, that the street over which defendant traveled was somewhat rough. So considered, the damage, if any, to defendant's cause was very slight. Moreover, at the conclusion of the trial, the jury was instructed that it

was "precluded from the consideration of any statements made by counsel, and you should disregard anything which has been said by them, except it may be conclusions which are legitimately deduced from the evidence . . . The evidence which has been admitted should and must be your sole and only guide in the determination of this cause." From the foregoing it would seem incontrovertible that the defendant suffered no injury by reason of the error (assuming it to be such) committed by the district attorney in making the statement to which reference has been had.

[7] Appellant complains that the trial court erred in refusing to give to the jury certain instructions requested by defendant, being in substance that the prosecution was obliged to prove beyond a reasonable doubt that the act of which defendant was charged was committed on the date specified in the information, and that at said time an actual sexual penetration was accomplished.

With reference to the first part of the requested instruction, in the case of *People* v. *Wademan,* 38 Cal. App. 116 [175 Pac. 791], it is held that the prosecution is not required to prove that the act was committed on a certain date, but only that it was committed on or about the date specified in the information. The latter part of the instruction, as well as each of the other of defendant's refused instructions, was fully covered by other instructions which the court gave to the jury.

While as hereinbefore intimated some errors were committed in the course of the trial, we are of the opinion that none of such errors, nor all of them combined, seriously or at all affected the verdict.

The judgment and the order denying defendant's motion for a new trial are affirmed.

Conrey, P. J., and York, J., concurred.